In the Matter of the Claim of NICHOLAS RUSSOMANNO, Respondent, against LEON DECORATING Co., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued March 3, 1954; decided April 22, 1954.

*George J. Hayes, Bernard Katzen* and *Victor Fiddler* for State Insurance Fund and another, appellants. The Appellate Division erred as a matter of law in its holding that the claimant was entitled to disability benefits under the provisions of section 203 of the Workmen's Compensation Law. (*McCluskey* v. *Cromwell,* 11 N. Y. 593; *People ex rel. Twenty-third St. R. R. Co.* v. *Commissioners of Taxes of City of N. Y.,* 95 N. Y. 554; *Matter of Rathsheck,* 300 N. Y. 346; *Lawrence Constr. Corp.* v. *State of New York,* 293 N. Y. 634; *People* v. *Olah,* 300 N. Y. 96; *Sexauer & Lemke* v. *Burke & Sons Co.,* 228 N. Y. 341; *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104; *Matter of Fiol* [*Calmar S. S. Corp.-Corsi*], 305 N. Y. 264.)

*Nathaniel L. Goldstein, Attorney-General (John J. Quinn, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. Ample evidence supported the findings of the Workmen's Compensation Board that the claimant was entitled to disability benefits under article 9 of the Workmen's Compensation Law. (*Matter of Commissioner of Taxation & Finance* v. *Nu-Art Adv. Co.,* 271 N. Y. 112; *Matter of Petrie,* 215 N. Y. 335; *Matter of Schmidt* v. *Wolf Contr. Co.,* 269 App. Div. 201, 295 N. Y. 748; *Matter of Moore* v. *Lehigh Valley R. R. Co.,* 169 App. Div. 177, 217 N. Y. 627; *Matter of Post* v. *Burger & Gohlke,* 216 N. Y. 544; *New York Central R. R. Co.* v. *White,* 243 U. S. 188; *Matter of Mounting & Finishing Co.* v. *McGoldrick,* 294 N. Y. 104; *Matter of Altschuller* v. *Bressler,* 289 N. Y. 463; *Matter of Daus* v. *Gunderman & Sons,* 283 N. Y. 459; *People ex rel. Twenty-third R. R. Co.* v. *Commissioners of Taxation of City of N. Y.,* 95 N. Y. 554; *McCluskey* v. *Cromwell,* 11 N. Y. 593.)

DESMOND, J. Claimant, on October 23, 1950, while employed at his trade of painter, by appellant Leon, suffered a disability, not arising out of and in the course of his employment. Disability benefits, of the kind provided for by chapter 600 of the

Laws of 1949, as since amended (Workmen's Compensation Law, art. 9), have been awarded to claimant for thirteen weeks, the maximum period under section 204 of the Workmen's Compensation Law. The question here is as to whether claimant, on his employment record, met the test of section 203 of the Workmen's Compensation Law: "Employees in employment of a covered employer for four or more consecutive weeks shall be eligible for disability benefits".

The undisputed testimony before the board showed that claimant, for about forty years before the onset of this disabling illness, had worked at the painting trade, getting his jobs through his labor union (but occasionally doing independent contracting work). Those jobs were with various employers and were of varying lengths, from a few days to several weeks. As is the pattern of that trade, claimant was, when employed, paid by the day by the particular employer on the particular job. From June 30, 1950, until this disablement, his actual days of work for "covered" employers were as follows:

For employer A: from Wednesday, August 16, 1950, to Saturday, September 2, 1950 (two and a half calendar weeks). (There then followed two calendar weeks of unemployment.)

For employer B: from Monday, September 18, 1950, to Wednesday, September 27, 1950 (one calendar week and part of a second).

For employer C: from Monday, October 2, 1950, to Thursday, October 5, 1950 (four days in one calendar week). (No employment during the calendar week beginning October 9, 1950.)

For employer-appellant Leon: from Monday, October 16, 1950, to Friday, October 20, 1950 (one calendar week of employment, immediately preceding Monday, October 23, 1950, on which claimant became ill).

We find it impossible to agree with the views of the majority Justices in the Appellate Division. They confirmed the board's award, on the ground that claimant, while not actually working for "four consecutive weeks" prior to disablement, was "in employment" for that period since he was available for actual work in accordance with the custom and practice of his trade. We agree, rather, with the dissenting Justices who were of the opinion that, on the undisputed facts here, this claimant had not been in covered employment for "four consecutive weeks".

The word "consecutive" has one only possible meaning—that is "unbroken sequence or uninterrupted succession" (*Commonwealth* v. *City of Boston,* 316 Mass. 410, 411). The statutory phrase "in employment * * * for four or more consecutive weeks" cannot, without impermissible stretching, connote any period of time except that covered by four or more successive calendar weeks (see, in Words and Phrases [Perm. ed.], Vol. 17, p. 460, list of cases construing "four consecutive weeks"). Employment in "four or more consecutive weeks" is had only when the worker is actually at work during some part, at least, of each of those successive weeks. It is true, as the Appellate Division remarked, that this requirement tends to exclude from these benefits all those who, like this claimant, work by the day for such various employers as need their services, and who, consequently, are often unemployed for a week or more. Such results are unfortunate but they do not change the plain meaning of plain words, or confer legislative powers on the board or the courts. "It is not allowable to interpret what has no need of interpretation, and when the words have a definite and precise meaning, to go elsewhere in search of conjecture in order to restrict or extend the meaning" (*McCluskey* v. *Cromwell,* 11 N. Y. 593, 601, and cases cited in *Matter of Rathscheck,* 300 N. Y. 346, 350). "A statute must be construed and applied as it is written by the Legislature, not as some judges may believe it should have been written" (*People* v. *Olah,* 300 N. Y. 96, 102).

That the Legislature actually intended to deprive large groups of workers of these benefits is manifest from the several exclusions in the "Employment" definition of subdivision 6 of section 201, such as the exclusion (not here applicable) of "casual employment".

Claimant's case is not helped by regulation 52, promulgated by the Chairman of the Workmen's Compensation Board (see Workmen's Compensation Law, §§ 117, 141 and 241, authorizing the making of regulations). Regulation 52, apparently intending to amplify or explain section 203 . (*supra*), says that an employee is eligible when he has been "in employment during the work period usual to and available during such four consecutive weeks in any trade or business in which he is regularly

employed and in which hiring from day to day of such employees is the usual employment practice '' (subd. b). Decision of this appeal does not require us to construe that regulation, closely and exactly. Whatever be its full meaning and bearing, it can-not overrule the statute itself and we assume it was not intended so to do. In terms, it, just like the statute, requires that there be some '' employment '' during '' four consecutive weeks ''.

The order of the Appellate Division should be reversed, the award of the Workmen's Compensation Board annulled and the claim dismissed, with costs in this court and in the Appellate Division against the Workmen's Compensation Board.

LEWIS, Ch. J., FULD, FROESSEL and VAN VOORHIS, JJ., concur with DESMOND, J.; CONWAY and DYE, JJ., dissent and vote to affirm the order of the Appellate Division, with costs, for the reasons stated in the opinion of COON, J., in the Appellate Division.

Order reversed, etc.