In the Matter of the Claim of ABRAHAM SUSSMAN, Appellant, against N. GOLDSTEIN COMPANY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, August 13, 1959.

*Max Zimny* and *Wilbur Daniels* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Roy Wiedersum* and *John J. Quinn* of counsel), for Workmen's Compensation Board, respondent.

BERGAN, J. P. This appeal involves construction of section 207 of the Workmen's Compensation Law which governs an employee's right to physical disability benefits while unemployed. Claimant had worked for the employer for 18 years. On May 1, 1953 he lost his job because the employer went out of business.

He received unemployment insurance benefits until August 16, 1953 when his right to benefits became exhausted because he then had received them for 26 weeks, the statutory maximum within that benefit year which in his case was the period between October 5, 1952 and October 4, 1953. On October 5, 1953 he would, however, if unemployed, again have been entitled to benefits because of prior periods of qualifying employment.

On September 28, 1953 he suffered a heart attack which disabled him. His claim for disability benefits under subdivision 1 of section 207 for the period beginning October 5 when he would have become eligible for unemployment insurance benefits has been denied by the Workmen's Compensation Board. We are of opinion the claim should have been allowed within the terms of subdivision 1 of section 207.

Eligibility for disability benefits is measured by the literal words of the subdivision by a reference to the immediate 26 weeks after termination of employment. The words in this respect are: " An employee whose employment * * * is terminated and who during a period of unemployment within twenty-six weeks immediately following such termination of employment shall become ineligible for benefits * * * solely because of disability * * * shall be entitled to receive disability benefits ".

This provision is manifestly intended to provide disability benefits for a man who would be entitled to have unemployment insurance payments if he had not become ill. That basic purpose of the statute is to be operative whenever the ill man would be entitled to unemployment insurance benefits but may not claim them " solely " because he is physically unable to work.

The reason why such words as " during a period of unemployment within twenty-six weeks immediately following " the

termination of the employment, appear in the statute is that this is the usual and normal way of computing the right to unemployment insurance benefits with which, in turn, disability benefits are closely integrated in this subdivision.

The Legislature certainly could not have meant that if a man later became eligible for unemployment insurance benefits but could not get them because he was ill and unable to be in the labor market, he would be deprived of disability benefits. Rights of this sort are not left to hang on such vagrant chance. Clear language of exclusion expressing such an intention would be required to defeat a claim which ought justly and properly fall within the area of the general purpose expressed by the Legislature; and no such language is here.

The context is to be read in favor of granting benefits to this claimant because in dealing with the computation of the benefits, subdivision 1 continues in this language: '' shall be entitled to receive disability benefits as herein provided for each week of such disability during such twenty-six week period, for which week he would have received unemployment insurance benefits if he were not so disabled ''.

The last words give the basic key to the broad legislative purpose. It is '' each week '' for which the disabled man '' would have received unemployment insurance benefits '' had he not been ill. The twenty-six weeks, repeated twice in the subdivision, have reference to the maximum in any benefit year.

The language of the statute read in full context cannot fairly be read to mean that if on the fortuitous circumstance one benefit year is ended and disability extends into another benefit year during which the employee would be entitled to unemployment insurance but cannot get it '' solely because '' of physical disability, he is to be shut out. There ought not to be a myopic reading of the statute against its manifest purpose.

Such a law as this requires construction in a less narrow sense. Upon this statute, as of the Unemployment Insurance Law itself, it is '' our solemn duty '' to '' give * * * a liberal and humanitarian interpretation '' (HEFFERNAN, J., in *Matter of Machcinski* [*Ford Motor Co.— Corsi*], 277 App. Div. 634, 644). The protection which this statute, as part of the Workmen's Compensation Law carries with it should not be avoided '' for light and trivial causes '' (*Matter of Redfield* v. *Boulevard Gardens Housing Corp.*, 4 A D 2d 906, 907). See, also, the basic spirit with which the Disability Benefits Law is approached in *Matter of Knapp* v. *Syracuse Univ.* (284 App. Div. 184, 186, revd. on other grounds 308 N. Y. 274).

6

The determination should be reversed and the claim remitted to the Workmen's Compensation Board, with costs to the appellant against the Workmen's Compensation Board.

COON, GIBSON, HERLIHY and REYNOLDS, JJ., concur.

Determination reversed and the claim remitted to the Workmen's Compensation Board, with costs to the appellant against the Workmen's Compensation Board.