In the Matter of the Claim of JULIA W. FULLERTON, Respondent, v. GENERAL MOTORS CORPORATION, ROCHESTER PRODUCTS DIVISION, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 18, 1974.

*Nixon, Hargrave, Devans & Doyle* (*William D. Eggers* of counsel), for appellants.

*Julia W. Fullerton,* respondent *pro se.*

*Louis J. Lefkowitz, Attorney-General* (*Morris N. Lissauer* and *Daniel Polansky* of counsel), for Workmen's Compensation Board, respondent.

SWEENEY, J. This is an appeal from a decision of the Workmen's Compensation Board, filed June 6, 1974, which awarded disability benefits to claimant.

On July 15, 1973 claimant entered the hospital and submitted to a bilateral tubal ligation. She returned to work July 30, 1973. It is conceded that the surgery was performed solely at her request because she desired sterilization. Claimant applied for and was allowed disability benefits by the Workmen's Compensation Board. This appeal ensued.

It is appellant's contention that the board's decision is contrary to subdivisions 8 and 9 of section 201 of the Workmen's Compensation Law. The issue presented is one of first impres-

sion. Subdivision 9 defines " disability " as the inability of an employee to perform the regular duties of his employment as a result of injury or sickness. Subdivision 8 provides that " injury " and " sickness " mean " accidental injury, disease, infection or illness." Claimant was clearly unable to perform her regular duties during the period in question. The issue, therefore, narrows to whether claimant's disability comes within the scope of " injury and sickness " as defined in subdivision 8 of section 201 of the Workmen's Compensation Law.

The language of the statute is markedly clear. It provides for benefits where the disability is caused by an accidental injury, disease, infection or illness. Manifestly, claimant's disability does not come within the first three mentioned categories. Our issue, therefore, further narrows to whether a purely elective bilateral tubal ligation is an " illness " within the limits of this statute. We think not. The legislative purpose of article 9 of the Workmen's Compensation Law (Disability Benefits Law) was to extend protection to an employee unable to perform his ordinary work because of disability not incurred within the course of his employment. The Legislature, however, by this statute, has prescribed, as it had a right to do, precisely those disabilities which were contemplated. We must apply the statute as written and not as we might believe it should have been written. (See *People* v. *Olah,* 300 N. Y. 96.)

In considering the Disability Benefits Law, the Court of Appeals stated that we should take it " as we find it, and leave for legislative attention any seeming inequities, or unevenness of coverage." (*Matter of Knapp* v. *Syracuse Univ.,* 308 N. Y. 274, 275.) Statutory language which is plain and unambiguous should be construed in its natural and most obvious sense. (McKinney's Cons. Laws of N. Y., Book 1, Statutes, §§ 94, 232; *Matter of Terino* v. *Levitt,* 44 A D 2d 167, 169.) Webster's Third New International Dictionary defines illness as " an unhealthy condition of the body * * * [a] malady."' Ballentine describes the word as " Sickness; disease. For some purposes inclusive of both severe and slight attacks, even attacks of a less grave and serious character than a disease." (Ballentine's Law Dictionary [3d ed.].) We conclude that claimant's inability to work was not the result of an illness within the meaning of subdivision 8 of section 201. (See *Matter of White* v. *Metropolitan Life Ins. Co.,* 46 A D 2d 964 [decided herewith].) It is not, therefore, a disability for which benefits are payable. The decision of the board should be reversed and the claim dismissed.

The decision should be reversed, and the claim dismissed, without costs.

HERLIHY, P. J., STALEY, JR., COOKE and REYNOLDS, JJ., concur.

Decision reversed, and claim dismissed, without costs.