■ In the Matter of the Claim of JOSEPH J. GOVEL, JR., Appellant, v C. D. PERRY AND SONS, INC., Respondent, and SPECIAL DISABILITY FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workers' Compensation Board, filed January 24, 1978, which disallowed a claim for disability benefits under article 9 of the Workers' Compensation Law. Claimant's prior employment terminated on October 27, 1975, and he was receiving unemployment insurance benefits when, on May 3, 1976, he became disabled. He thereafter filed an application for disability benefits under article 9 of the Workers' Compensation Law, which the Special Fund rejected. Subdivision 1 of section 207 of the Workers' Compensation Law provides in part that "An employee whose employment with a covered employer is terminated and who during a period of unemployment within twenty-six weeks immediately following such termination of employment shall become ineligible for benefits currently being claimed under the unemployment insurance law solely because of disability * * * shall be entitled to receive disability benefits". In disallowing the claim herein, the board concluded that "the claimant's disability occurred more than twenty-six weeks after termination of employment with a covered employer; therefore, he is not entitled to Disability Benefits pursuant to section 207 of the law." Claimant contends that the 26-week period mentioned in section 207 does not mean the 26-week period following the termination of employment, but rather refers to the maximum benefits payable in a benefit year, and he accordingly reasons that since his disability occurred within 26 weeks of his new benefit year, he is entitled to benefits. We disagree. The statute clearly requires that the disability occur within 26 weeks following an employee's termination of employment. Indeed, a memorandum by the then chairman of the industrial and labor conditions committee stated that "disability benefits may be paid as late as twenty-six weeks after employment is terminated" (NY Legis Ann, 1949, p 265; see, also, NY Legis Ann, 1964, p 396). *Matter of Sussman v Goldstein Co.* (9 AD2d 3) is not to the contrary, since there claimant's disability did occur within 26 weeks following the termination of his employment. Since the board's decision that claimant's disability herein commenced more than 26 weeks after termination of employment is supported by substantial evidence, we must affirm. Decision affirmed, without costs. Mahoney, P. J., Greenblott, Sweeney, Main and Mikoll, JJ., concur.

■ ROBERT AQUILINA, Respondent, v EVA M. SAULTERS, as Administratrix of the Estate of RONALD G. SAULTERS, Deceased, et al., Appellants.— Appeal from an order of the Supreme Court at Special Term, entered December 8, 1977 in Ulster County, which denied a motion for summary judgment dismissing the complaint. Plaintiff consenting thereto, we reverse on the authority of *Drago v Buonagurio* (46 NY2d 778). Order reversed, on the law, without costs; motion granted and complaint dismissed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Main, JJ., concur.