In the Matter of the Claim of JAMES DALTON, Respondent, against CITY OF YONKERS, Employer and Self-insurer, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1941.

*Leonard G. McAneny, Corporation Counsel* [*William F. Cauley, Jr.,* of counsel], for the appellant.

*John J. Kinney,* for the claimant, respondent.

*John J. Bennett, Jr., Attorney-General* [*John F. Loehr, Assistant Attorney-General,* of counsel], for the State Industrial Board, respondent.

BLISS, J.  James Dalton, the claimant, was injured on May 24, 1926, by an accident arising out of and in the course of his employment by the city of Yonkers.  At that time he was a member of the State Employees' Retirement System under the Civil Service

Law. He made claim for workmen's compensation and on November 9, 1926, was awarded 160 weeks' compensation at twenty dollars per week for the total loss of his right eye and the case was closed. This award was never paid. The case was later reopened for further testimony on the question of causal relation, and on December 10, 1935, the award was rescinded. In the meantime on June 2, 1927, claimant applied for superannuation retirement under section 62 of the Civil Service Law and on such application stated that he had not sustained any injury in the course of his employment that would entitle him to any compensation benefits. He was granted a retirement allowance of forty dollars and fifty-eight cents per month beginning July 2, 1927, and has received it ever since. On December 27, 1927, he advised the Retirement System that he had been awarded $3,200 compensation under the Workmen's Compensation Law and that he was compelled to retire because of his injury. Claimant then sought accidental disability benefits from the Retirement System but has never received them. On February 20, 1936, the Industrial Board again awarded claimant 160 weeks' compensation at twenty dollars per week for total loss of use of the right eye and it is from this award that the city appeals.

The city contends that this award of February 20, 1936, was improper under section 67 of the Civil Service Law because at that time claimant was receiving a superannuation retirement allowance of forty dollars and fifty-eight cents per month and had been receiving it since about June 2, 1927.

At the time of the accident which resulted in the loss of use of claimant's eye, section 67 of the Civil Service Law, as amended by chapter 669 of the Laws of 1925, provided:

" § 67. Pensions offset by compensation benefits. Any amounts paid or payable under the provisions of the Workmen's Compensation Law to a member or to the dependents of a member on account of any disability shall be offset against and payable in lieu of any benefits payable out of funds provided by the State of New York under the provisions of this article on account of the member. In case the present value of the total commuted benefits under the Workmen's Compensation Law is less than the pension reserve on the benefits otherwise payable from funds provided by the State of New York under this article, then the present value of the commuted payments shall be deducted from the pension reserve and such benefits as may be provided by the pension reserve so reduced shall be payable under the provisions of this article."

The city argues that the Legislature, in enacting section 67 of the Civil Service Law, intended that in every case of injury to a member of the Retirement System, the member should not receive

the benefits of both the Workmen's Compensation Law and the Retirement System.

This requires us to examine the nature of the superannuation retirement allowance paid to the claimant. The record is quite incomplete and leaves much to be desired. It does show, however, that his application of June 2, 1927, was the basis of forwarding to claimant "a superannuation retirement allowance under option #1 amounting to $40.58." Apparently this means the allowance on superannuation retirement provided by subdivision 1 of section 63 of the Civil Service Law. According to this statute such an allowance consists of two and possibly three parts, viz.:

"(a) An annuity which shall be the actuarial equivalent of his accumulated contributions at the time of his retirement; and

"(b) A pension, in addition to his annuity, of one-one hundred and fortieth of his final average salary multiplied by the number of years of his State service since he last became a member; and

"(c) If the member has had one or more years of service as a member, an additional pension which shall be equal to one-seventieth of his final average salary multiplied by the number of years allowable to him on account of service certified to him in his prior service certificate."

When subdivision 1 of section 33 and section 67 of the Civil Service Law are read together, it becomes obvious that the Legislature did not intend that workmen's compensation should be offset against or payable in lieu of the annuity payable under paragraph (a) of subdivision 1 of section 63 from the employee's own accumulated contributions. The title of section 67 indicates that it is the *pensions* that are offset by compensation benefits. The body of the section makes compensation an offset to and payable in lieu of benefits " payable out of funds provided by the State of New York." This would not include the annuity payable from the employee's own accumulated contributions. Finally, the commuted compensation must be deducted from the " pension reserve on the benefits otherwise payable from funds provided by the State of New York," again clearly indicating that the annuity reserve fund is not affected. The two statutes involved show definitely that the award of compensation affects only the pensions portion of claimant's retirement allowance and leaves his annuity unimpaired. Any other result would be most inequitable.

There is no good reason why the employee's own contributions to the annuity reserve fund should be reduced by an award of workmen's compensation and such reduction would be of doubtful validity. But there is good reason why the benefits payable out of funds provided by the State should be thus offset. This

avoids double payment by the State or one of its municipalities for the same disablement.

The amount of compensation must be first determined. The Industrial Board should then have proceeded to ascertain the amount to be credited upon the award because of the payment of the pensions portion of the retirement allowance from July 2, 1927, to the end of the period of the award. No credit should be allowed for the compensation payable before July 2, 1927. Up until that date claimant was not receiving or entitled to receive any retirement benefits, either pension or otherwise. Consequently there could be no double benefits for that period. Section 67 does not become operative until pension benefits become payable. The commutation of the unpaid benefits under the Workmen's Compensation Law should be made as of July 2, 1927, and offset against the pension reserve on that date.

The award should be reversed and the matter remitted to the Industrial Board to proceed as outlined herein, without costs.

HILL, P. J., CRAPSER, SCHENCK and FOSTER, JJ., concur.

Award reversed and matter remitted to the Industrial Board, without costs.