Mamie L. Ferraiolo, Respondent, *v.* William O'Dwyer et al., as Members of the Board of Estimate of the City of New York, Constituting the Trustees of the New York City Employees' Retirement System, Appellants.

Argued January 15, 1951; decided April 12, 1951.

372

*John P. McGrath,* Corporation Counsel (*Helen R. Cassidy* and *Seymour B. Quel* of counsel), for appellants. I. The retirement system is authorized under section B3–45.0 of the Administrative Code to offset against an accidental death pension all payments made by the city under a workmen's compensation award. (*Matter of Daley* v. *O'Dwyer,* 298 N. Y. 890; *Matter of Horan* v. *Wallander,* 186 Misc. 40; *Hodson* v. *New York City Employee's Retirement System,* 243 App. Div. 480; *Weigold* v. *Weigold,* 236 App. Div. 126; *Monck* v. *Monck,* 184 App. Div. 656; *Zwingmann* v. *Zwingmann,* 150 App. Div. 358; *Matter of Dalton* v. *City of Yonkers,* 262 App. Div. 321, 287 N. Y. 592.) II. The practical construction given to section B3–45.0 of the Administrative Code by the city retirement system and to section 85 of the Civil Service Law by the State retirement system has been to offset all benefits payable under workmen's compensation. This interpretation is entitled to great weight. (*Grimmer* v. *Tenement House Dept. of City of N. Y.,* 204 N. Y. 370; *People ex rel. Moriarty* v. *Creelman,* 206 N. Y. 570; *Bullock* v. *Cooley,* 225 N. Y. 566; *Story* v. *Craig,* 231 N. Y. 33; *Matter of Kolb* v. *Holling,* 285 N. Y. 104; *Household Finance Corp.* v. *Goldring,* 263 App. Div. 524, 289 N. Y. 574.)

*Samuel A. Bloom* and *Jeannette H. Harris* for respondent. I. In enacting the New York City Employees' Retirement Act (L. 1920, ch. 427), the Legislature clearly intended the offset of only such sums awarded petitioner-respondent as widow's death benefits under the Workmen's Compensation Law. (*Matter of Rosenberg* v. *Board of Estimate of City of N. Y.,* 170 Misc. 800; *Hetherington* v. *La Guardia,* 186 Misc. 316, *Hetherington* v. *O'Dwyer,* 272 App. Div. 919; *Eckert* v. *New Jersey State Highway Dept.,* 1 N. J. 483.) II. Had the Legislature intended that all payments of workmen's compensation death benefits, whether to the widow, minor children and other dependents, be deducted from the widow's pension under the Administrative Code, it would have said· so. (*Smith* v. *People,* 47 N. Y. 330; *Hough* v. *Light,* 275 App. Div. 299; *Szwarce* v. *Buenaventura,* 301 N. Y. 558.) III. A construction given and followed by an administrative agency, predicated on decisions construing a different law, and motivated by self-profit, is not entitled to weight of judicial persuasion.

DYE, J. In this appeal by permission from an order of the Appellate Division, Supreme Court, First Department, unanimously annulling in part a determination of the board of estimate of the city of New York constituting the trustees of the New York City Employees' Retirement System, we are called upon to review whether the appellant board correctly applied the pertinent provisions of the Administrative Code when in granting petitioner-respondent's application for pension benefits in an accidental death case, it deducted therefrom as an offset the amounts paid and to be paid by the city as a self-insurer pursuant to an award of the Workmen's Compensation Board made by reason of the same accidental death.

The circumstances giving rise to the controversy are not in dispute. The petitioner-respondent's deceased husband was an employee of the city transit system and a member of the city employees' retirement system. He met death under circumstances warranting payment of workmen's compensation benefits and such awards were duly made by the Workmen's Compensation Board to his widow, his daughter under the age of eighteen years and to his father, found to be dependent by reason of incapacity (Workmen's Compensation Law, §§ 10, 16).

When the petitioner-respondent as a widow, made application to the city employees' retirement system for accidental death benefits the board, by resolution, granted such application to the extent of refunding the accumulated salary contributions made by her husband in his lifetime amounting to $2,558.50, together with an annual pension during widowhood in the amount of $1,534.15 computed at " one-half of the final compensation " received by her husband at his death (Administrative Code, § B3–33.0) against which the board offset as a deduction the total of the amounts payable by the city under the compensation awards, to wit: $655.20 per annum during widowhood; $218.40 per annum for the infant daughter under eighteen years, and $546 during dependency of deceased's father (Administrative Code, § B3–45.0).

The petitioner-respondent then instituted this proceeding under article 78 of the Civil Practice Act, to have such determination reviewed and for affirmative relief by way of reimbursement of the sums deducted and for an order directing payment of her pension in the future without such deduction. The

Special Term and the Appellate Division were each of the view that the board erred in making an offset of the amounts payable on account of the dependents other than to the widow. A problem of statutory construction is thus presented.

We turn now to the applicable provisions of the Administrative Code, the pertinent parts of which are quoted for convenience:

" § B3–33.0 DEATH BENEFITS; ACCIDENTAL DEATH BENEFITS.— \* \* \* Upon application by or on behalf of the dependents of such deceased member, *such board shall grant a pension* of one-half of the final compensation of such employee:

" 1. *To his widow,* to continue during her widowhood; or

" 2. *If there be no widow,* or if the widow dies or remarries before any child of such deceased member shall have attained the age of eighteen years, *then to his child or children* under such age \* \* \* to continue as a joint and survivor pension of one-half of his final compensation until every such child dies or attains such age; or

" 3. *If there be no widow or child under the age of eighteen years surviving* such deceased member, *then to his dependent father or mother* \* \* \* as such board in its *discretion* shall direct, to continue for life."

" § B3–45.0 RETIREMENT ALLOWANCES; RESTRICTIONS ON.— a. \* \* \*

" b. \* \* \* If an amount which is payable throughout a period under the provisions of the workmen's compensation law be a percentage less than one hundred per cent of the amounts otherwise payable during the same period *out of moneys provided or to be provided by the city* under the provisions of this title on account of the same disability of the same person, there shall be paid during such period as it becomes due under the provisions of this title, in lieu of each amount otherwise payable, the percentage thereof which is the difference between such lesser per cent and one hundred per cent." (Emphasis supplied.)

We have heretofore approved as a proper rule of construction that the phrase " out of moneys provided or to be provided by the city \* \* \* on account of the same disability of the same person " (Administrative Code, § B3–45.0) was not limited to disability benefits payable to an injured employee

during his lifetime, but included accidental death benefits as well, from which it followed that an offset in full of a compensation award payable by the city to a widow was properly made against her accidental death pension benefit (*Matter of Daley* v. *O'Dwyer,* 274 App. Div. 938, affd. 298 N. Y. 890). To be sure, this case involves the offset of compensation award to dependents other than a widow but, even so, there is no substantial difference in principle and no different construction is warranted. For instance, had the deceased been incapacitated rather than killed as a result of the accident, it is clear beyond dispute that — regardless of the number, age or relationship of his dependents — the benefit payable to him by the city would have been limited to the sum payable under the provisions of the Workmen's Compensation Law when such sum equaled or exceeded the present value of all amounts otherwise payable by the city on account of the same disability (Administrative Code, § B3–45.0; Workmen's Compensation Law, § 30) and when less would be limited, except for annuity, to three quarters of his final compensation (§ B3–44.0). The same policy is followed by the State in administering payments under the State Employees' Retirement System, offsets of compensation awards being made against pensions but not against annuity benefits, which is but an application of the established policy and prohibition against dual payment of public funds (Civil Service Law, § 85, formerly § 67; *Matter of Dalton* v. *City of Yonkers,* 262 App. Div. 321, affd. 287 N. Y. 592; see, also, *Matter of Svec* v. *City of New York,* 251 App. Div. 758).

It should be noted that since October 1, 1920, the effective date of the city employees' retirement system (L. 1920, ch. 427; Greater New York Charter, §§ 1700–1725, now new Administrative Code, ch. 3, tit. B), workmen's compensation awards have been deducted in full from accidental death pensions irrespective of the number of dependents surviving. While practical construction by an officer or agency charged with the administration of a statute, especially when followed by a long period of time, is entitled to great weight and may not be ignored (*Household Finance Corp.* v. *Goldring,* 263 App. Div. 524, affd. 289 N. Y. 574; *Matter of Kolb* v. *Holling,* 285 N. Y. 104), such an interpretation is not necessarily binding on the court but nonetheless constitutes an element to be considered (McKinney's Cons. Laws of N. Y., Book 1, Statutes [1942 ed.], § 93). In the instant case

it is also the construction dictated by the language of the statute which not only fixes the formula for payment of an accidental death pension but specifically provides that payments shall be made " Upon application by or on behalf of the *dependents* of such deceased member " (§ B3–33.0, emphasis supplied), an unmistakable expression of legislative intent to include dependents other than the widow. To make a distinction in offset because the workmen's compensation award includes one or more classes of beneficiaries along with the widow is neither logical nor sound and is surely in conflict with the clear limitation respecting the payment of city funds " on account of the same disability of the same person ".

The orders of the Appellate Division should be reversed and the petition dismissed, without costs.

CONWAY, J., (dissenting). This appeal presents a question as to the construction to be accorded to subdivision b of section B3–45.0 of the Administrative Code. If, as the majority opinion suggests, the purpose of that section is to prevent the *payment* by the city of more than one half of the deceased employee's salary, irrespective of the number of the recipients of such payment and their relationship to the deceased, then there must be a reversal. On the other hand, if the purpose of that section, as we think more probable and more consonant with fairness and justice, is to prevent the employee (in a disability case) or any one of his dependents (in a death case) from *receiving a double* award — both under the pension law and also under the compensation law — then the result reached below is correct and must be affirmed.

In the case at bar, the widow is not claiming that she should receive a double award. Indeed, it has been settled by our decision in *Matter of Daley* v. *O'Dwyer* (298 N. Y. 890) that subdivision b of section B3–45.0 of the Administrative Code forbids the receipt by a dependent of such double award on account of the death of the same person. Here, however, all that the widow is claiming is that she should receive the full amount required to be paid under section B3–33.0 to her, as widow, as accidental death benefits under the pension system, without deduction of the additional amounts required to be paid under subdivision 4 of section 16 of the Workmen's Compensation Law to the dependent child and the dependent father

of the deceased employee. She is not seeking a double award; she is merely asking for the amount which the Legislature has directed to be paid to the surviving wife of a city employee who is accidentally killed in the performance of his duty.

Subdivision b of section B3–45.0 does not, in our judgment, prevent such payment. The section reads as follows: " b. If an amount which is payable throughout a period under the provisions of the workmen's compensation law equals or exceeds the amounts otherwise payable during the same period out of the moneys provided or to be provided by the city under the provisions of this title on account of the same disability of the same person, no payment shall be made to such person under the provisions of this title during such period nor thereafter, until the total amount of such omitted payments, together with the regular interest which they would have accumulated, equals the amount paid under the workmen's compensation law, together with the regular interest which it would have accumulated. If an amount which is payable throughout a period under the provisions of the workmen's compensation law be a percentage less than one hundred per cent of the amounts otherwise payable during the same period out of moneys provided or to be provided by the city under the provisions of this title on account of the same disability of the same person, there shall be paid during such period as it becomes due under the provisions of this title, in lieu of each amount otherwise payable, the percentage thereof which is the difference between such lesser per cent and one hundred per cent."

The section was probably drafted with only the employee himself, disabled but alive, in mind, for the language used therein speaks of " amounts * * * payable * * * on account of the same disability of the same person " and states that " no payment shall be made to such person ". Nevertheless, as noted, we held in the *Daley* case (*supra*) that " disability ", as used in subdivision b of section B3–45.0, must be taken to include " death ", in order to effectuate its purpose to prevent receipt of a double award by a single beneficiary.

Simply stated, we think the first sentence of the section, as applied to a death case, means this: If the amount payable to a beneficiary under the compensation law equals or exceeds the amount otherwise payable to that beneficiary under the pension

law, no pension payments are to be made until the total of the omitted pension payments equals the amount paid under the compensation law. We think the second sentence of the section means this: If the amount payable to a beneficiary under the compensation law is less than the amount otherwise payable to that beneficiary under the pension law, only so much of the pension payments are to be made which will be sufficient, when combined with the compensation award, to total the amount normally paid under the pension law. Thus, it seems to us that the evident purpose of the statute is twofold: (1) to make certain that the beneficiary receives a single full award, and as a corollary to that, (2) to make certain that the city, which provides the money for both compensation and pension payments, will not have to pay a double award to the same beneficiary on account of the same death. In other words, the section does not purport to set a maximum limit upon what the city is permitted to *pay*. It merely sets a limit upon the maximum amount any one beneficiary can *receive*.

Affirmance in the case at bar is completely in accord with the language and intent of this section, for the petitioner widow will be receiving a single award under the pension law; she will receive nothing under the compensation law; and the city will not be making a double award to the same beneficiary on account of the same death. It is true that the city will be required to pay an additional amount to other beneficiaries (viz., the dependent child and the dependent father) under the compensation law and that the total amount thus paid will be greater than one half of the deceased's final salary or wage, but such a result is not expressly forbidden by any provision of the Administrative Code, and we see no reason for reading such a prohibition into the code by judicial construction. If the total amount of money payable to the beneficiaries of a deceased employee were to be limited to one half of his final salary, it would have been a simple matter for the Legislature to make a provision to that effect. However, it has not done so. Instead, all that it has done is to provide that no double award may be made to the same beneficiary on account of the same death.

The provisions of section 85 of the Civil Service Law differ materially from the provisions of subdivision b of section B3-45.0 of the Administrative Code, and it is not now necessary

to determine what the result would be if the problem posed by the instant case were presented under the Civil Service Law provision. Suffice it to say that no case in this court has yet held that a widow is not entitled to full payment under the pension law, merely because other dependents of the deceased employee are entitled to payments under the compensation law. The case cited by the majority, *Matter of Dalton* v. *City of Yonkers* (262 App. Div. 321, affd. 287 N. Y. 592), was similar to *Matter of Daley* v. *O'Dwyer* (*supra*) in that it held that a single person could not receive a double award on account of the same death or disability.

We thus agree with the courts below that the payments to the dependent child and father of the deceased employee under the compensation law should not have been deducted from the payment which is required to be made to the widow alone under the pension law. The widow's pension under section B3–33.0 of the code amounts to $1,534.15. If the compensation awards to the widow's child and father-in-law ($218.40 and $546, respectively) are deducted therefrom, the widow will be receiving only approximately one half (viz., $769.75) of the amount which the Legislature, in its wisdom, determined would be necessary for her support after the death of her husband.

The order of the Appellate Division should be affirmed, with costs.

LEWIS, DESMOND, FULD and FROESSEL, JJ., concur with DYE, J.; CONWAY, J., dissents and votes for an affirmance in an opinion in which LOUGHRAN, Ch. J., concurs.

Orders reversed, etc. [See 302 N. Y. 841.]