■ In the Matter of the Claim of INEZ SCHRIDER, Respondent, v NATIONAL DISTILLERS & CHEMICAL CORP. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent. —Appeal from that portion of a decision of the Workmen's Compensation Board, filed April 19, 1974, which denied the employer's request for reimbursement under section 25 (subd 4, par [c]) of the Workmen's Compensation Law. Claimant, the widow of an employee of National Distillers & Chemical Corporation, was paid certain death benefits as a beneficiary pursuant to a company pension plan. She was also awarded death benefits under the Workmen's Compensation Law. The board has determined that section 25 (subd 4, par [c]) of the Workmen's Compensation Law is inapplicable and the employer, therefore, is not entitled to reimbursement. We conclude that such reimbursement was properly denied. The language of section 25 (subd 4, par [c]) is clear and explicit. It refers only to benefits paid under a pension plan to an injured employee. There is no mention of death benefits paid to a widow of a deceased employee. If there is no ambiguity in

the language of a statute, it must be construed according to its plain meaning. (McKinney's Cons Laws of NY, Book 1, Statutes, § 94.) "Moreover, statutory offsets are to be confined to the exact recipients specified; thus, an offset applicable by statute to an employee will not reduce benefits to his widow, and an offset applicable to a widow will not reduce benefits to dependent children." (3 Larson, Workmen's Compensation Law, § 97.41.) Furthermore, the specific provision of the employer's pension plan under which the claimant was paid death benefits did not provide for a setoff by workmen's compensation benefits payable to the beneficiary. Under subsection 5 of section 4 of this plan the claimant beneficiary could receive an amount equal to 85% of the decedent's retirement allowance reserve or the amount of regular death benefits under subsection 6 of section 4 (one and one-half times decedent's annual rate of compensation, reduced by any compensation paid under workmen's compensation, plus the amount of decedent's accumulated contributions), whichever was greater. Claimant was paid on the basis of the first alternative an amount which represented 85% of the decedent's retirement reserve at the time of his death. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.