David J. Gilmartin, Esq. Town Attorney, Southampton
This is in reply to your letter in which you request an opinion as to whether "there is a requirement of law that buildings enclosing water well sites of water districts must be fenced." In a telephone conversation with this office, you confirmed the fact that your question pertains to Long Island water well sites which are regulated by the New York State Department of Environmental Conservation pursuant to Environmental Conservation Law, § 15-1527.
The rules and regulations of the New York State Department of Health governing public water supplies (10 NYCRR Subpart 5-1) expressly provide that the "Recommended Standards for Water Works" (Bulletin 42, Appendix 5-a of the Rules) issued by the Health Department, "shall be the basis upon which all plans and specifications for public water systems will be approved" (§ 5-1.22 [b]).
With regard to the protection of well sites, the aforementioned Bulletin 42 provides:
"3.2.3 Location
"3.2.3.1 Well location
* * *
"3.2.3.2 Continued protection
 "Continued protection of the well site from potential sources of contamination shall be provided either through ownership, zoning, easements, leasing or other means acceptable to the reviewing authority. Fencing of the site may be required by the reviewing authority." (Emphasis ours.)
Attached hereto for your information is a copy of § 3.2.3.2.
Based upon the foregoing regulations, it is clear that fencing of the site may be required by the reviewing authority — in the case of Long Island well applications, the New York State Department of Environmental Conservation under the provisions of Environmental Conservation Law, Article 15, Title 15, § 15-1527 — in order to protect the source of the water supply against vandalism and restrict access thereto.
In this regard, it must be emphasized that the Long Island water well decisions of the Department of Environmental Conservation, pursuant to its statutory authority (ECL 15-1527[2]), consistently and uniformly attach protective conditions to the permit that require fencing around well sites. Suffice it to say, such decisions of the Department and the conditions fixed therein are, as a matter of law, entitled to great weight. Matter of Going v. Kennedy, 5 A.D.2d 173, 175 (1st Dept., 1958), aff'd 5 N.Y.2d 900 (1959); Ferraiolo v. O'Dwyer, 302 N.Y. 371 (1951);Martorano v. Capital Finance Corp., 289 N.Y. 21 (1942); Matter ofArmitage v. Board of Education, 122 Misc. 586, 590 (Sup.Ct., Cayuga Co., 1924), aff'd 210 App. Div. 812 (4th Dept., 1924), aff'd 240 N.Y. 548
(1925).
Based upon the foregoing authority, it is our opinion that while there is no requirement of law mandating that buildings enclosing water well sites be fenced, nevertheless, fencing of a well site may be required by the appropriate reviewing authority depending on the circumstances of each case.