OPINION OF THE COURT
Aaron E. Klein, J.
Petitioners, by way of this CPLR article 78 proceeding, seek an order annulling the determination of the Commissioner of the Department of Transportation of the State of New York, granting a certificate of public convenience and necessity to Kencal Messenger Service, Inc. (Kencal), pursuant to article 7 of the Transportation Law on the ground that said granting of the certificate of public convenience and necessity was effected by an error of law; was in excess of the jurisdiction of the Commissioner of the Department of Transportation and was arbitrary, capricious and an abuse of discretion.
The petitioners are comprised of five domestic corporations which hold similar certificates of public convenience and *91 necessity as a motor carrier for the transportation of general commodities in the same geographic locale as Kencal. Kencal has intervened on consent under CPLR 7802 (subd [d]). There is no question that it is an interested party since the entire controversy revolves around its approval of a certificate of public convenience and necessity on October 25, 1977 for a one-year term; however, the authority was not to take effect until a pending action against Kencal brought by the department was resolved.
This proceeding challenges the February 28, 1978 order of Edward J. Canty, Acting Assistant Commissioner, denying the petitioners’ petitions for reconsideration of the October 25, 1977 determination. The threshold jurisdictional issue presented to this court is whether or not the petitioners have standing to maintain this proceeding. In Matter of Dairylea Co-op. v Walkley (38 NY2d 6), the court held that where a statute reflects an overriding legislative purpose to prevent destructive competition, an injured competitor has standing to require compliance with that statute. In the present case the legislative purpose as set forth in section 160 of the Transportation Law is, among other things, to promote efficient service by motor carriers without unfair or destructive competitive practices. Therefore, this court concludes the petitioners have standing to challenge the granting of a certificate to Kencal.
The respondent contends that there has been a failure to exhaust the administrative remedy of applying for a rehearing within 30 days after service of the order granting the certificate to Kencal on May 10, 1978, as required by section 89 of the Transportation Law, thereby waiving a CPLR article 78 proceeding, and also being statutorily precluded from presently challenging the issuance of the certificate. The petitioners’ argument is that, inasmuch as this proceeding stems from the respondent’s order denying reconsideration of their reconsideration petition, judicial review would be effectively stifled since the statute places no limit on the number of rehearing petitions that can be filed.
It is this court’s view that petitioners have pursued the statutory and administrative remedies available to them, and have thereby exhausted their administrative obligations by seeking a rehearing and being denied reconsideration. (CPLR 7801, subd 1.)
Section 160 of the Transportation Law, entitled "[D]eclaration of policy and delegation of jurisdiction”, vests the *92 Commissioner of Transportation with the power to regulate transportation of property by motor carrier. Under section 163, the commissioner is authorized to issue certificates of public convenience and necessity to applicants, "if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this article and the requirements, rules and regulations of the commissioner thereunder, and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied.”
The petitioners contend, inter alia, that the Legislature’s use of the word "is” connotes a deliberate choice by the Legislature that the commissioner make an affirmative present finding that the applicant, in this case Kencal, satisfies the requirements of section 163. The February 9, 1978 recommendation of M. Lieberman, Chief Administrative Law Judge, stated, "Concededly, the issue of fitness is as yet, unresolved; that is the purpose for a trial or limited term grant of authority. It is obviously premature to make a final determination on this issue at this time.” On this basis the argument is put forth that no affirmative finding, as required by the statute, had been made regarding Kencal’s fitness as it is still admittedly in question. Therefore, the commissioner has exceeded his authority by granting a certificate without first finding present fitness. A review of the October 25, 1977 memorandum decision of Administrative Law Judge Kampf reveals that a pending civil suit by the department against Kencal cast a cloud on its fitness. Accordingly, Judge KLampf "recommended no order be issued in this proceeding until said suit is resolved”. The suit referred to was settled and discontinued by stipulation and approved by an order of the court pursuant to section 90 of the Transportation Law on November 28, 1977, thus removing the cloud. It is significant, on the issue of willingness to conform, to note that an investigation by a field representative of the Department of Transportation revealed 152 area violations by Kencal.
Furthermore, Judge Kampf’s decision states: "It is further recommended that the certificate to be granted herein contain a clause providing that the certificate be valid for a term of one year subject to timely or permanent extension to enable the staff of this Department to review the transportation operations of the applicant for the purpose of determining *93 whether or not the said applicant has proved its capability and willingness to conform to the rules and regulations of this Department governing territory and commodity as authorized in its certificate.”
Petitioners maintain that this language supports their position that no present affirmative finding of fitness has been made precluding the commissioner from issuing a certificate of authority under the plain language of section 163. That without an affirmative finding of fitness, the application must be denied by the commissioner under the clear mandate of section 163 ("otherwise such application shall be denied” [emphasis supplied]).
 The second contention put forth by the petitioners is that the commissioner exceeded his authority by issuing a certificate for a limited time without having any statutory authority to do so. Judge Kampf’s decision recommends that a certificate be granted for a one-year term subject to timely or permanent extension. Article 7 of the Transportation Law provides in subdivision (a) of section 167 for a temporary authority up to 180 days where an urgent need exists. Section 169 provides that certificates shall remain in effect until terminated. Nowhere in article 7 is there any authority to limit a certificate, once granted, to periodic review, or to a specific time period, unless by its nature it is a temporary authority granted pursuant to subdivision (a) of section 167. "One of the cardinal rules to be applied in construing statutes is that they are to be read according to the natural and obvious import of their language without resorting to a subtle or forced construction either limiting or extending their effect.” (Cooper-Snell Co. v State of New York, 230 NY 249, 255.) Generally, the courts give great weight to the construction given statutes by the administrative agencies which must construe the statutes in the discharge of their duties. (1 NY Jur, Administrative Law, § 88.) This is especially true when the agency charged with the administration of the statute has followed an interpretation for a long period of time. However, even then, such interpretation is not binding on the court. (Ferraiolo v O’Dwyer, 302 NY 371, 376.) It is fundamental that the construction of a statute is a matter for the courts, whose jurisdiction in this regard cannot be ousted by administrative or executive authority. (Vivien v Board of Educ. Retirement System, 30 NYS2d 73; 1 NY Jur, Administrative Law, §91.)
*94 Applying the above rules of construction to article 7 of the Transportation Law, it would appear that the Commissioner of Transportation has exceeded his statutory authority. Firstly, he has granted a certificate to Kencal for a limited time without any statutory authority to do so. As in Vivien (supra), only one prior unchallenged ruling by the agency has been made granting a limited certificate. Although it has been held that where a statute is ambiguous, the construction given such statute by an administrative agency charged with its enforcement or administration, especially if long continued, may not be ignored, in this case the statute is clear in its terms, and little weight, if any, can be given to the single prior time-limited certificate. (1 NY Jur, Administrative Law, §89.)
Secondly, the language throughout article 7 is unambiguous. Without a present finding of fitness, "such application shall be denied” (§ 163). There is no question that the fitness of Kencal was unresolved; yet, on that basis, the trial or limited-term grant of authority was issued. Therefore, the Commissioner of Transportation exceeded his statutory authority when he granted the certificate to Kencal with the issue of fitness admittedly "unresolved”, the statute (§ 163) mandating a denial; and, furthermore, he granted a certificate for a limited time without any statutory authority to do so. This court is not unmindful of the utility to which such a certificate can be put; however, this is more properly the province of the Legislature.
The petition is hereby granted annulling the determination of the Commissioner of the Department of Transportation of the State of New York which granted a certificate of public convenience and necessity to Kencal Messenger Service, Inc., on the ground that the Commissioner of the Department of Transportation of the State of New York exceeded his lawful authority under article 7 of the Transportation Law.