In the Matter of ANNIE BOLDEN, Respondent, v BARBARA BLUM, as Commissioner of the New York State Department of Social Services, et al., Appellants.

Third Department, July 5, 1979

APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General (Carl E. Stephen, Alan W. Rubenstein* and *Shirley Adelson Siegel* of counsel), for appellants.

*David L. Posner* for respondent.

**OPINION OF THE COURT**

HERLIHY, J.

This proceeding involves solely a question of law. It is undisputed that the petitioner was mentally disabled from employment, but that she was capable of providing all of the household care and benefits required by her seven minor children and husband in August of 1978. Further, her husband was then employed as a construction worker with a gross income of about $200 per week. The administrative agency and commissioner found that the petitioner's children no longer required public assistance in the form of Aid to Dependent Children (ADC) because the statutory requirements were no longer met by the family unit.

The relevant statutes and regulations provide, in part, as follows:

"The term 'dependent child' means a needy child * * * who has been deprived of *parental support or care* by reason of the physical or mental incapacity *of a parent*". (US Code, tit 42, § 606, subd [a]; emphasis added.)

"A. Aid to dependent children shall be given to a parent * * * as herein specified for the benefit of a child * * *.

"B. 1. An allowance may be granted for the aid of such child who has been deprived of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of *a* parent, and who is living with a person related to him by blood, marriage or adoption eligible to

receive aid to dependent children on his behalf pursuant to the federal social security act and regulations of the department. (Social Services Law, § 349, subds A, B, par 1; emphasis added.)

*"General principles.* (i) A child or minor shall be considered to be deprived of parental support or care by reason of the death, continued absence from the home, or *physical or mental incapacity or unemployment of a parent when such death, continued absence, incapacity or unemployment is a contributing factor in his need for a grant of ADC."* (18 NYCRR 369.2 [g] [1] [i]; emphasis added.)

The petitioner contends that because the above-quoted sections refer to "a parent" as being incapacitated for employment the administrative agency and State Commissioner have erred in considering the employment and employability of the father. Special Term adopted the position of the petitioner by holding that as a matter of law if *either* parent is incapacitated from employment *or* from providing care, then the statutory requirements for eligibility for ADC are met insofar as support and/or care are concerned.

■ The rule is well established that in statutes, words of ordinary import are to be given their usual and commonly understood meaning, unless it° is plain from the statute that a different meaning is intended *(Matter of Fullerton v General Motors Corp., Rochester Prods. Div.,* 46 AD2d 251) and every word is to be given effect (McKinney's Cons Laws of NY, Book 1, Statutes, § 236, pp 401-403). The plain meaning of statutory language is to be given effect if there is no ambiguity *(Matter of Schrider v National Distillers & Chem. Corp.,* 51 AD2d 1068; McKinney's Cons Laws of NY, Book 1, Statutes, § 94).

■ In this particular case, the language employed is clear and unambiguous. As applicable, it requires a deprivation of parental support by reason of the incapacity of a parent and the petitioner's incapacity does not establish such a deprivation of support. The concept that if *a parent* is incapacitated there is automatic eligibility requires a strained reading of the statutes and further, it requires excluding from any import the language "deprived of parental support or care". In this family unit, it is certain that the children were neither deprived of parental support nor of parental care. As noted by the State Commissioner, a change in circumstances would require re-evaluation.

The determination of the State Commissioner rests upon a

reasonable construction of the statutes and has a reasonable basis in the facts. Under such circumstances, we are unable to accept the conclusion of Special Term that there was error as a matter of law.

The judgment should be reversed, on the law, without costs; the determination confirmed and petition dismissed.

MAHONEY, P. J., SWEENEY, KANE and STALEY, JR., JJ., concur.

Judgment reversed, on the law, without costs; determination confirmed and petition dismissed.