■ In the Matter of the Claim of ANN CRAIG, Respondent, v WESTERN ELECTRIC COMPANY, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed July 11, 1980, which held that the employer was not entitled to reimbursement for benefits paid to claimant under the provisions of decedent's employee benefit plan. Decedent was employed by the Western Electric Company, Inc., and participated in a death benefit plan provided by the company. Under its terms, if death occurred as a result of sickness not related to employment his

beneficiary would receive a maximum of one year's salary, but if death occurred as a result of accidental injury arising out of employment his beneficiary would receive three years' salary, not to exceed $50,000. In the latter event, however, the employer obligated itself to pay only the difference, if any, between an award such as workers' compensation benefits and the plan limit. On March 10, 1975, while on the job, decedent suffered a heart attack and died. On October 8, 1975 his widow received the sum of $14,302.80 from the employer, the equivalent of one year's salary. A claim for workers' compensation benefits for his widow and five children was filed on November 21, 1975 and, though contested by the employer, ultimately resulted in an award to her and the children. The company thereupon entered a request for reimbursement of the $14,302.80 previously paid. The board has determined that under section 30 and section 16 of the Workers' Compensation Law, the self-insured employer is not entitled to reimbursement. We agree. In general, revenues or benefits from other sources do not affect compensation awards (Workers' Compensation Law, § 30). It seems clear that the payment made herein was in discharge of employer's responsibility to a beneficiary under the company plan and was made separate from any final determination of liability under the Workers' Compensation Law. Moreover, any claim for reimbursement must meet the criteria set forth in section 25 (subd 4, par [c]) of the Workers' Commpensation Law, and since here an award of death benefits is involved, its provisions cannot be satisfied (cf. *Matter of Schrider v National Distillers & Chem. Corp.,* 51 AD2d 1068). Finally, any reimbursement that would impair awards made for the benefit of decedent's children would be prohibited (see Workers' Compensation Law, § 16). Decision affirmed, with costs to the Workers' Compensation Board. Sweeney, J. P., Kane, Mikoll and Yesawich, Jr., JJ., concur.