In the Matter of the Claim of Nereida Ortega, Respondent, v New York State and Local Police and Fire Retirement System et al., Appellants. Workers' Compensation Board, Respondent.

Third Department, August 1, 1991

APPEARANCES OF COUNSEL

*Carl E. Stephen* for New York State and Local Police and Fire Retirement System, appellant.

*Robert Abrams, Attorney-General (Iris A. Steel* of counsel), for Workers' Compensation Board, respondent.

### OPINION OF THE COURT

CASEY, J.

On November 19, 1985, claimant's husband was accidentally killed in the performance of his duty as a State Police Officer when the police car in which he was a passenger crashed into a parked tractor trailer. Claimant subsequently filed a workers' compensation claim for death benefits. Between the date of death and the date of the workers' compensation award, the Comptroller paid claimant the full accidental death benefit allowance in the amount of $12,402.08, pursuant to Retirement and Social Security Law § 361, inasmuch as decedent was a member of the New York State and Local Police and Fire Retirement System (hereinafter the Retirement System). Before the Workers' Compensation Board, the Comptroller sought reimbursement to the Retirement System for the amount of the accidental death benefits paid to claimant. After a hearing, the Board affirmed the Workers' Compensation Law Judge's denial of reimbursement to the Retirement System, finding that Workers' Compensation Law § 25 (4) (c)

provided for reimbursement to the Retirement System of moneys paid to an "injured employee", but not for "death benefits". The Retirement System and the State Insurance Fund appeal from the Board's decision.

As relevant, Retirement and Social Security Law § 364 (a) provides: "If any benefits under the workers' compensation law may be or become payable as the result of accidental disability or accidental death, no payment of any benefit shall be made pursuant to this article on account of such disability or death until there shall have been a final determination of the claim for workers' compensation benefits. Pending such final determination, however, the comptroller may authorize payment of all or any part of the benefits payable under this chapter, and in that event, shall be entitled to reimbursement out of the unpaid installment or installments of compensation due under the workers' compensation law". The Retirement System, relying on the second sentence of the above-quoted statute, reasons that under the clear wording of the statute the Comptroller, who had exercised his discretion by paying all of the accidental death benefits due to claimant prior to the determination of claimant's workers' compensation claim, is entitled to reimbursement for payment of such benefits out of the unpaid installments of workers' compensation benefits due claimaint. The Board, on the other had, argues that under the first sentence of the statute reimbursement is not allowed while the workers' compensation case is pending, and that Workers' Compensation Law § 25 (4) (c) does not provide for reimbursement of benefits advanced for accidental *death* and by its wording provides reimbursement for advanced or paid benefits only in the case of an *"injured employee"* (emphasis supplied).

■ The interpretation placed on Workers' Compensation Law § 25 (4) (c) by the Board would result in at least partial double recovery to the widow of a member of the Retirement System who was accidentally killed in service when the widow is also entitled to workers' compensation benefits. Such double recovery, derived from two separate State agencies, would violate public policy since each agency is distributing public moneys *(see, Matter of Dalton v City of Yonkers,* 262 App Div 321, 323-324, *affd* 287 NY 592; *cf., Matter of Baker v Regan,* 68 NY2d 335, 341). Such interpretation would discourage the Comptroller from exercising his discretion to advance any accidental death benefits prior to a final determination of a workers' compensation case, no matter how needy the claim-

ants are, which he is permitted to do under Retirement and Social Security Law § 364 (a). Such interpretation also directly conflicts with the provisions of Retirement and Social Security Law § 364 (a), which specifically permit reimbursement from the unpaid installments due under the Workers' Compensation Law.

■ In our view, these undesirable consequences can be avoided and the conflict in the two statutes (Workers' Compensation Law § 25 [4] [c]; Retirement and Social Security Law § 364 [a]) can be resolved and the statutes harmonized. Although Workers' Compensation Law § 25 (4) (c) does not specifically provide for reimbursement in accidental death cases, it does not specifically prohibit reimbursement in such cases either. The subsequently enacted Retirement and Social Security Law § 364 (a) specifically provides for reimbursement to the Retirement System in cases such as this where accidental death benefits have been advanced by the Comptroller prior to the final determination of the workers' compensation claim. This specific provision, which does not contradict the provisions of the workers' compensation statute, should therefore control.

The authorities relied on by the Board *(Matter of Craig v Western Elec. Co.,* 83 AD2d 709; *Matter of Schrider v National Distillers & Chem. Corp.,* 51 AD2d 1068) are inapposite to this case. These authorities have sustained the Board's denial of reimbursement to *private employers* who paid certain death benefits to the widows of deceased employees and did not deal with public funds. The decision of the Board should therefore be reversed.

MIKOLL, J. (dissenting). We respectfully dissent.

There is a rational distinction for allowing reimbursement of benefits paid in injured-person situations and not for death benefits paid. The losses are different and their compensation under the Workers' Compensation Law takes such divergence in type of damages into account.

Under the plain language of Workers' Compensation Law § 33 entitled "Assignments; exemptions", "[c]ompensation or benefits due under [the Workers' Compensation Law] shall not be assigned, released or commuted except as provided by [the Workers' Compensation Law]". This provision expresses a clear legislative policy to place the payment of workers' compensation benefits under the control of the Workers' Compensation Board and indicates that any statutory provision

relating to payment of benefits conflicting with a provision of the Workers' Compensation Law should give way to the Workers' Compensation Law provision. This policy statement indicates that courts should give due deference to provisions of the Workers' Compensation Law affecting benefits and the Board's interpretation of those provisions.

In view of the clear mandate of Workers' Compensation Law § 25 (4) and corresponding case law *(see, Matter of Craig v Western Elec. Co.,* 83 AD2d 709; *Matter of Schrider v National Distillers & Chem. Corp.,* 51 AD2d 1068), the decision of the Board should be upheld *(see, Matter of Goodman v Pollio Dairy Prods.,* 147 AD2d 833, 834-835, *lv denied* 74 NY2d 606). Therefore, the New York State and Local Police and Fire Retirement System is not entitled to reimbursement for accidental death benefits paid by it to claimant while claimant's workers' compensation claim was still pending.

MAHONEY, P. J., and WEISS, J., concur with CASEY, J.; MIKOLL and HARVEY, JJ., dissent in an opinion by MIKOLL, J.

Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision.