*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  February 18, 2016                    521367
_____

In the Matter of LOUIS
    LOVELESS, on Behalf
    of Himself and All
    Others Similarly
    Situated,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

THOMAS P. DiNAPOLI, as
    State Comptroller,
                        Respondent.
_____

Calendar Date:  January 12, 2016

Before:  Peters, P.J., McCarthy, Rose and Lynch, JJ.

_____

        Christen Archer Pierrot, East Aurora, for appellant.

        Eric T. Schneiderman, Attorney General, Albany (William E.
Storrs of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the Supreme Court (Zwack, J.),
entered September 25, 2014 in Albany County, which, in a
proceeding pursuant to CPLR article 78, among other things,
dismissed the petition.

        Petitioner was employed by the Department of Corrections
and Community Supervision when he suffered an injury on the job.
Consequently, in August 1998, he received a lump-sum workers'
compensation payment in the amount of $70,000, of which $6,300
was paid in counsel fees.  In August 1999, when he was 34 years

old, petitioner was granted a performance of duty disability retirement (see Retirement and Social Security Law § 63-a), retroactive to April 1997, and he was advised that his monthly benefit was $2,155 per month.  Further, relevant to this proceeding, he was advised that, due to the lump-sum workers' compensation payment, his monthly benefit would be offset in the amount of $512.06 per month.[1]  It is not disputed that as a consequence of the monthly offset applied to petitioner's monthly benefit beginning in August 1999, the entire principal amount of petitioner's workers' compensation lump-sum payment was repaid, at the very latest, by December 2008.  In 2013, after petitioner asked for "information and details" with regard to how his retirement benefit was calculated, respondent explained that the offset would continue for petitioner's lifetime because "the Retirement and Social Security Law . . . requires the permanent reduction of a retirement allowance due to a lump-sum . . . award."

In January 2014, petitioner commenced this proceeding, claiming that respondent erroneously, arbitrarily and capriciously calculated the offset amount.  Respondent moved to dismiss the proceeding for failure to state a cause of action and based on petitioner's failure to exhaust his administrative remedies.  Supreme Court denied the motion, ruling that the exhaustion of remedies doctrine was not applicable, but without addressing the former claim.  After respondent answered the petition, Supreme Court denied petitioner's request for additional discovery and dismissed the petition for failure to state a cause of action.  Petitioner now appeals.

In general, a performance of duty disability retirement allowance consists of "[a]n annuity which shall be the actuarial equivalent of the member's accumulated contributions, plus . . . [a] pension which is the actuarial equivalent of the reserve-for-increased-take-home-pay to which he [or she] may be entitled, if any, plus . . . [a] pension of three-quarters of

---

[1]  The offset was recalculated in 2013 and lowered to $465.97 a month to account for the payment of counsel fees (see Retirement and Social Security Law § 64 [a] [2]).

[the member's] final average salary" (Retirement and Social Security Law § 63 [e] [1]-[3]; see Retirement and Social Security Law § 63-a [a]). Because the payment of both workers' compensation benefits and performance of duty disability retirement benefits is prohibited, where, as here, a member receives a lump-sum workers' compensation benefit, "[t]he pension reserve on account of a pension so payable shall be reduced by the amount of the lump-sum workers' compensation benefits. In such case the pension thereafter payable shall be the actuarial equivalent of the pension reserve as so reduced" (Retirement and Social Security Law § 64 [a] [2]). The "pension reserve" is "[t]he present value of all payments to be made on account of any pension, or benefit in lieu of any pension . . . computed upon the basis of regular interest and such mortality tables as shall be adopted by [respondent]" (Retirement and Social Security Law § 2 [23]). "When a pension . . . becomes payable . . . [the] reserve, in an amount computed by the actuary to be necessary to provide the pension . . . granted in each such case, shall be transferred from the pension accumulation fund to the pension reserve fund" (Retirement and Social Security Law § 23 [d]; see Retirement and Social Security Law § 24 [b]).[2]

In our view, Supreme Court should not have dismissed the petition for failure to state a cause of action. First, as the proceeding presents an issue of "pure statutory reading and analysis, dependent only on accurate apprehension of legislative intent," the court should not have deferred to the agency's expertise (Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451, 459 [1980]). Second, we do not agree that the petition failed to state a cause of action. Based on the submissions, it is apparent that in 1999, petitioner was notified that he was entitled to a certain annual and monthly allowance. After he received the lump-sum payment, he was notified approximately one month later that a monthly offset would apply to that allowance. On its face, therefore, it appears that the offset was applied to

---

[2] Respondent is required to engage an actuary to, among other things, establish the mortality tables used by the New York State and Local Employees' Retirement System (see Retirement and Social Security Law § 11 [b] [1]; 2 NYCRR 310.1).

the monthly allowance, not to the pension reserve. Notably, the monthly allowance consists of both an annuity and a pension (see Retirement and Social Security Law §§ 63 [e] [1]-[3]; 63-a [a]), and the offset is applied to the pension reserve fund (see Retirement and Social Security Law § 24 [f]), not the annuity reserve fund (see Retirement and Social Security Law §§ 22, 64 [a] [2]; Matter of Dalton v City of Yonkers, 262 AD 321, 323 [1941], affd 287 NY 592 [1941]). We are mindful that the purpose of the statute is to "[avoid] double payment by the [s]tate . . . for the same disablement" (Matter of Dalton v City of Yonkers, 262 AD at 324). That said, we discern no basis to conclude that the statute permits the corresponding disproportionate reimbursement evident here.

Although we find that Supreme Court should not have dismissed the petition for failure to state a cause of action, given the limited record, we are unable to conclude that petitioner is entitled to the requested relief. In our view, because petitioner, who first sought discovery in the petition, has a "demonstrated need" for further development of the record, Supreme Court should have permitted petitioner to conduct limited discovery with regard to respondent's calculation of the offset and allowance (Matter of Lally v Johnson City Cent. Sch. Dist., 105 AD3d 1129, 1132 [2013]). For reasons unexplained, at no point in this record has respondent disclosed how the offset was actually calculated.

Peters, P.J., McCarthy and Rose, JJ., concur.

ORDERED that the judgment is reversed, on the law, without costs, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court