Matter of Georgia Asciutto v New York City Employees' Retirement Sys. (2020 NY Slip Op 07564)





Matter of Georgia Asciutto v New York City Employees' Retirement Sys.


2020 NY Slip Op 07564


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2019-00662
 (Index No. 511644/18)

[*1]In the Matter of Georgia Asciutto, appellant,
v
New York City Employees' Retirement System, et al., respondents.


Grey & Grey, LLP, Farmingdale, NY (Robert E. Grey of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Julie Steiner of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the New York City Employees' Retirement System and the Board of Trustees of NYCERS dated February 9, 2018, which offset the petitioner's workers' compensation death benefit against the accidental death benefit awarded to her by the New York City Employees' Retirement System, the petitioner appeals from a judgment of the Supreme Court, Kings County (Paul Wooten, J.), dated January 4, 2019. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner's decedent, the former executive director of the New York City Fire Department, retired pursuant to a service retirement pension in 2005. The decedent died on April 7, 2013, from illness resulting from his exposure to toxins while participating in the response to the September 11, 2001 terrorist attacks at the World Trade Center (hereinafter WTC). On November 4, 2013, the New York State Workers' Compensation Board awarded the petitioner death benefits.
In January 2017, the petitioner applied for accidental death benefits (hereinafter ADB) under section 13-149 of the Administrative Code of the City of New York which, pursuant to amendments to the Administrative Code, had been made available to the survivors and beneficiaries of WTC responders who died of WTC-related illnesses within 25 years of their service or disability retirement (see Administrative Code § 13-168[c]). The New York City Employees' Retirement System (hereinafter NYCERS) approved the petitioner's application and, in September 2017, awarded her an ADB. However, on February 9, 2018, NYCERS notified the petitioner that her ADB award would be reduced by the amount of her workers' compensation death benefits. In response to the petitioner's request for legal authority supporting the reduction of her benefits, NYCERS cited Administrative Code §§ 13-149 and 13-176.
The petitioner commenced this proceeding seeking a judgment annulling the determination of NYCERS and the Board of Trustees of NYCERS (hereinafter together NYCERS) decreasing her ADB award. The Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals, and we affirm.
Administrative Code § 13-176(b) provides that "[i]f an amount which is payable throughout a period under the provisions of the workers' compensation law be a percentage less than one hundred per cent of the amounts otherwise payable during the same period out of moneys provided or to be provided by the city under the provisions of this chapter on account of the same disability of the same person, there shall be paid during such period as it becomes due under the provisions of this chapter, in lieu of each amount otherwise payable, the percentage thereof which is the difference between such lesser per cent and one hundred per cent."
The Court of Appeals, interpreting the predecessor to this subsection, found that "the phrase 'out of moneys provided or to be provided by the city . . . on account of the same disability of the same person,' was not limited to disability benefits payable to an injured employee during his [or her] lifetime, but included accidental death benefits as well, from which it followed that an offset in full of a compensation award payable by the city to a [survivor] was properly made against [his or] her accident death pension benefit" (Ferraiolo v O'Dwyer, 302 NY 371, 375-376, quoting Administrative Code former § B3-45.0, now § 13-176; see Matter of Daley v O'Dwyer, 274 AD 938, 939, affd 298 NY 890). The goal of section 13-176(b) is to prevent "the receipt by a dependent of such double award on account of the death of the same person" (Ferraiolo v O'Dwyer, 302 NY at 377 [Conway, J., dissenting]; see generally Matter of Loveless v DiNapoli, 136 AD3d 1193, 1195-1196; Matter of Ortega v New York State & Local Police & Fire Retirement Sys., 170 AD2d 38, 40). Here, since the workers' compensation and ADB awards related to the same accidental cause of the same death, we agree with the Supreme Court that the determination of NYCERS to offset the petitioner's workers' compensation benefit against her ADB award was not arbitrary or capricious.
ROMAN, J.P., DUFFY, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court