■ In the Matter of the Claim of WILLIAM SMITH, Respondent, v. ROME CABLE CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal by the self-insured employer from a decision of the Workmen's Compensation Board granting a schedule award to the claimant. The appellant first argues that there is no connection between the accident of September 18, 1963 and the schedule loss of 7½% of the claimant's left arm. Dr. Gifford testified that, considering the facts of the accident, the defects which he found equivalent to a loss of 7½% of the use of the left arm were caused by the accident. His testimony as to his reason for such a finding was sufficiently detailed to show a medical basis for his finding of a loss of use. His findings were confirmed by the board's principal compensation examining physician. The fact that the appellant offered conflicting medical testimony is not controlling. We find that there was sufficient evidence to sustain the board's finding of a 7½% loss of use of the arm and that such loss was causally related to the accident of September 18, 1963. The appellant further argues that the record establishes that the claimant has suffered no loss of earnings and therefore, not entitled to a schedule loss. Suffice it to say that a schedule award may be made without any proof of a present loss of earnings. (Cf. *Matter of Slawinski* v. *Williams & Co.,* 273 App. Div. 826, affd. 298 N. Y. 546.) "Disability", as used in the context of a schedule award, means "impairment of earning capacity" as distinguished from "loss of earnings". (See *Matter of Marhoffer* v. *Marhoffer,* 220 N. Y. 543.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.