In the Matter of the Claim of RALPH FRANZESE, Respondent, v. K. JELLGREN CONSTRUCTION COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal from a decision of the Workmen's Compensation Board, filed June 26, 1967. While working as a carpenter, claimant was injured when a piece of steel penetrated the cornea of the left eye, requiring surgical removal of the lens. He was subsequently fitted with a contact lens which he contends he is unable to wear because of the irritation caused by dust on the job. Without the lens, all concede he had a 100% loss of vision of the left eye. It further appears that the loss of vision could not be corrected by the use of a spectacle lens. Upon examination with the contact lens in place, his vision was corrected to 20/30. Doctor Wise, an impartial ophthalmologist, was sworn as a witness by the carrier and testified that the claimant could wear the lens well except in places where it was windy, where there was dust and for driving at night. Additionally, he testified that based on his "best medical opinion", the claimant's contention "is entirely medically justified and that he should not wear the contact lens in the dusty environment of his construction work because of the danger of foreign bodies, corneal abrasion and potential corneal infection". The board has found that claimant suffered a 100% loss of vision of the left eye and the employer and its carrier contend that its determination should be reversed for such a loss is not compensable when the vision can be corrected and the claimant merely suffers discomfort or inconvenience, as was held in *Matter of Hurley* v. *E. R. Wolcott, Inc.* (27 A D 2d 788) and *Matter of O'Hara* v. *O'Hara Boiler Settings* (28 A D 2d 749). While it is true that if vision can be corrected to normal with glasses

or contact lenses, any loss of vision is not compensable (*Matter of Hurley v. E. R. Wolcott, Inc., supra*), the situation here presented is not similar to that found either in *O'Hara* or *Hurley* for in those cases there was no supportive evidence in the record upon which the board could make a finding of lost vision or that the claimant was prevented from performing his job. Here there was substantial medical evidence "that he should not wear the contact lens in the dusty environment of his construction work because of the danger of foreign bodies, corneal abrasion and potential corneal infection". Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gabrielli, J.