In the Matter of the Claim of JOHN CLIPPARD, Respondent, v. COSTELLO CONCRETE CO., INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—

Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur; Herlihy, P. J., dissents, and votes to reverse and remit, in the following memorandum: It is universally recognized that while the Workmen's Compensation Law is to be liberally construed in favor of claimants there must be on occasions stopgaps. The present claim presents a vivid example. The claimant has been awarded a 100% causally related loss of vision of the left eye. The appellants concede that the left eye was injured but dispute the 100% award. The medical testimony supports the position of the appellants. All of the doctors stated that upon examination of the claimant's eye there was no discharge, no tearing, no sensitivity, apparently objective findings associated with wearing contact lens. The claimant's doctor, on which the board relied, found no objective indices; the eye " was quiet " and apparently the claimant had no difficulty in wearing the lens. The doctors stated that he could wear the lens from " a few hours " a day up to seven hours a day. The testimony of the claimant's doctor as to " a few hours a day " is a relative term but the doctor did not further explain his opinion. In fact the doctor stated, " Well, first of all, in my three years of association with Mr. Clippard I feel that Mr. Clippard is the kind of person that is very, very difficult to get any kind of a reliable history from ". The claimant's testimony amply supports the statement by the doctor. At a hearing on September 7, 1967 he stated he

could not wear the lens more than six hours and a month later at a hearing he stated that he had trouble with his vision if he wore the lens more than four, five hours. There is no contention that the claimant did not work during the period involved, and there is no claim of diminution of earnings. The board found " that the claimant is not able to tolerate the contact lens for more than a few hours and that he has a 100% causally related loss of vision of the left eye ". The finding of the board, under the circumstances, is mere speculation. The record, at best, substantiates mere inconvenience on the part of the claimant. (See *Matter of Hurley* v. *E. R. Wolcott, Inc.*, 27 A D 2d 788; *Matter of Boskin* v. *Bresee Chevrolet Co.*, 27 A D 2d 969.) The decision of the board should be reversed and the matter remitted for the purpose of establishing the percentage loss of vision of the left eye.