■ In the Matter of the Claim of DAVID HARVEY, Respondent, v MARSAW & MARSAW, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed June 25, 1976, which affirmed an award for a schedule loss of 100% of the left eye. While working as a mechanic, claimant sustained a compensable injury which required surgical removal of the lens of the left eye. He was subsequently fitted with contact lenses, which he contends he is unable to wear in his present job as a welder because of the irritation caused by grinding steel and by smoke. Claimant also testified that his eye gets sore after wearing the contact lenses for only a couple of hours, and that he has tried for a year to build up a tolerance to these lenses. There is medical evidence justifying claimant's contention of his inability to use contact lenses in the polluted environment created by his work. Concededly, the 100% loss of binocular vision sustained by the claimant is correctable by the use of the contact lenses. In affirming the award to the claimant the board found that he could not tolerate contact lenses in order to do his job as a welder, and that he should not be required to change jobs. Within the

context of the facts established in the present case, this court had previously upheld similar awards for 100% loss of vision *(Matter of Clippard v Costello Concrete Co.,* 36 AD2d 786, affd 30 NY2d 628; *Matter of Franzese v Jellgren Constr. Co.,* 29 AD2d 1037, mot for lv to app den 22 NY2d 644). We conclude that there is substantial evidence to support the board's determination in this case. We find no merit to appellants' additional argument that claimant failed to establish any loss of earnings as a result of his inability to tolerate the contact lenses while working. Since this was a schedule award made pursuant to section 15 (subd 3, par p) of the Workmen's Compensation Law, there is no requirement of proof of a present loss of earnings *(Matter of Smith v Rome Cable Corp.,* 27 AD2d 972). Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.