■ In the Matter of the Claim of BEATRICE WASHINGTON, Respondent, v VOGUE METALCRAFT, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 25, 1981. The sole issue on this appeal is whether the board erred in concluding that the offset provisions of subdivision 2-a of section 16 of the Workers' Compensation Law are inapplicable where a widow is not actually receiving Social Security survivor's insurance benefits, although she might be entitled to receive such benefits. Claimant's husband was killed in an industrial accident, leaving claimant and two children surviving him. After filing a claim for a death benefit, claimant testified that she was receiving Social Security benefits on behalf of her dependent children, but that she was working and received no Social Security benefits for herself. The board ruled that since claimant was not actually receiving any benefits, the offset provisions of subdivision 2-a of section 16 of the Workers' Compensation Law did not apply, rejecting the argument of the employer and its carrier that further inquiry was necessary to determine whether claimant was entitled to receive benefits. Recently, in *Matter of Giaquinto v Major Sanitation* (89 AD2d 66), this court affirmed a decision of the board which strictly construed the offset provisions of subdivision 2-a of section 16 in favor of claimants. In so doing, we applied the well-settled principle that "the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" (*Matter of Howard v Wyman*, 28 NY2d 434, 438). The rationality of the board's construction can be found in the clear and unambiguous wording of the statute, which provides that "[w]here the death occurs on or after [January 1, 1978] and the spouse *is receiving* survivors insurance benefits under the social security act, the death benefit payable under this section shall be reduced" (Workers' Compensation Law, § 16, subd 2-a; emphasis added). Had the Legislature intended the offset to apply where the widow is not receiving survivor's benefits but is eligible to receive them it would have so stated. "[W]here as here the statute describes the particular situations in which it is to apply, 'an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded' " (*Patrolmen's Benevolent Assn. of City of N. Y. v City of New York*, 41 NY2d 205, 208-209). The significance of the Legislature's use of the words "is receiving" to describe the survivor's benefits subject to the offset in subdivision 2-a of section 16 is heightened by contrasting the statutory offset provision of section 25-a of the Workers' Compensation Law, which specifically refers to Social Security benefits that a claimant is entitled to receive, as well as those being received (Workers' Compensation Law, § 25-a, subd 9, par [d]). In these circumstances,

it cannot be said that the board's construction of subdivision 2-a of section 16 is irrational. Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.