■ In the Matter of the Claim of ROBERT FORTUNA, Respondent, v PFIZER, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed May 22, 1981, as amended by a decision filed August 19, 1981. On May 13, 1972, claimant sustained an injury to his left foot as a result of an accident. The board subsequently made an award to claimant for a schedule loss of use of 95% of the left leg, which award was to run until April 4, 1978. By a decision filed on January 10, 1980, claimant was awarded additional compensation pursuant to section 15 (subd 3, par [v]) of the Workers' Compensation Law for the period from April 4, 1978 to January 7, 1980. No appeal was taken from this decision nor from a similar decision filed February 29, 1980. When the award of additional compensation was continued by a decision filed July 18, 1980, appellant carrier sought review of said decision claiming a credit for an

overpayment to claimant based upon the allegation that he was employed during the period that he was receiving compensation benefits. In a decision filed on May 22, 1981, the board found that claimant was entitled to additional compensation pursuant to section 15 (subd 3, par [v]) of the Workers' Compensation Law and that the carrier was not entitled to any credit. Appellants appealed from this decision in June, 1981 and the decision was amended by a decision filed August 19, 1981 which deleted any reference to claimant's entitlement to compensation pursuant to section 15 (subd 3, par [v]) of the Workers' Compensation Law and stated that the carrier was not entitled to credit because there was no overpayment. Appellants argue that claimant was employed during the period in which he was awarded compensation for the schedule loss of use of his left leg and, therefore, they are entitled to a credit for the compensation paid while he was employed. Accordingly, it is urged that the schedule award is not terminated within the meaning of section 15 (subd 3, par [v]) of the Workers' Compensation Law until the award is actually consumed by lost time. Initially, we would note that a "disability", in the context of a schedule award, means "impairment of earning capacity" and not "loss of earnings" so that a schedule award may be made without proof of a present loss of earnings (*Matter of Smith v Rome Cable Corp.,* 27 AD2d 972). Pursuant to section 15 (subd 3, par [v]) of the Workers' Compensation Law, additional compensation is payable under certain circumstances "for any period after the termination of an award". Implicit in the board's award of additional compensation is the finding that claimant's schedule award terminated within the meaning of the statute on April 4, 1978 and was not extended by claimant's employment during the period of the award. On the present record, we are unable to say that the decision of the board is irrational or unreasonable and, consequently, the decision should be affirmed (see *Matter of Howard v Wyman,* 28 NY2d 434, 438; *Matter of Lane v Rotodyne, Inc.,* 66 AD2d 153). Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Sweeney, Main and Casey, JJ., concur; Weiss, J., not taking part.