■ In the Matter of the Claim of DALE LEE, Respondent, v WEISS AND SONS PAPER AND TWINE COMPANY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed August 11, 1982, which held that claimant was entitled to additional compensation pursuant to section 15 (subd 3, par v) of the Workers' Compensation Law. Following the termination of a compensation award based upon the 75% loss of use of claimant's right leg which resulted from a work-related injury to his right knee in October of 1975, claimant's case was reopened to determine his entitlement to additional benefits under section 15 (subd 3, par v) of the Workers' Compensation Law. That provision allows for additional compensation to be paid certain claimants who suffer an impairment of their earning capacity beyond the period covered by their regular compensation award. To be eligible for an additional award pursuant to section 15 (subd 3, par v), the impairment of earning capacity must be due solely to the loss of use of at least 50% of a member and the claimant must have participated in a board approved rehabilitation program including retraining. The employer and its carrier have appealed the decision of the board which ruled that claimant was entitled to additional benefits. Specifically, they contend that claimant did not participate in a rehabilitation program and did not establish that the impairment of his earning capacity was solely due to his injury. We disagree. Although claimant did not *complete* any rehabilitation program, this failure was due to claimant's physical condition which prevented him from standing or sitting for extended periods due to the pain in his knee. In view of the uncontroverted fact that claimant made five separate visits to the board's rehabilitation bureau and the testimony of one of that bureau's counselors that there was nothing that could be done to help rehabilitate claimant, the finding that claimant *participated* in a rehabilitation program, implicit in their decision awarding claimant additional benefits, is supported by substantial evidence and must be upheld (see *Matter of Lane v Rotodyne, Inc.,* 66 AD2d 153). Equally without merit is the contention that the extended impairment of claimant's earning capacity was not shown to be solely due to his injury. In addition to claimant's own testimony that the pain in his leg

prevents him from working, an examination by the carrier's own physician conducted prior to the last hearing continued to assess claimant's loss of use of his right leg to be 75%. Decision affirmed, with costs to the Workers' Compensation Board against the employer and its insurance carrier. Mahoney, P. J., Sweeney, Main, Casey and Weiss, JJ., concur.