■ In the Matter of the Claim of VICTOR J. SALVI, Respondent, v VANGUARD PLUMBING & HEATING CORPORATION, Appellant, et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed April 27, 1983. ¶ On April 16, 1979, claimant, a 17-year-old student temporarily working as a plumbing shopman, was injured when struck in the left eye by a projectile, requiring surgical removal of the lens of that eye.* He was subsequently fitted with a contact lens, which he now contends he is unable to wear for more than a few hours without undue discomfort. Without the lens, all concede that he has a 100% loss of vision of the left eye. It further appears that this condition is not correctable by the use of eyeglasses. With the contact lens in place, his vision is corrected to 20/20 or better. The sole issue on this appeal is whether there is substantial evidence in the record to support the Board's conclusion that claimant could not tolerate wearing the contact lens, and thus has a 100% causally related loss of vision. ¶ The employer concedes that claimant is entitled to the award if the lens cannot be tolerated, but asserts that the record lacks substantial medical evidence to support claimant's professed claim of intolerance. We disagree. Claimant testified that on a good day he can wear the lens for three to four hours, after which his eye tears and he gets headaches, necessitating removal of the lens. The record shows that in November, 1979, claimant advised his ophthalmologist, Dr. Dennis Gormley, that he was unable to wear the lens more than two hours at a time without discomfort. Again, in July, 1980, he reported that, after three hours, the lens has to be removed due to discomfort. At this time, several other lenses were fitted in an attempt to alleviate the discomfort. On March 18, 1981, claimant reiterated that headaches developed after two hours. The lens has since been replaced two more times. Dr. Gormley confirmed these complaints, but indicated that he could not find any physical evidence to explain claimant's intolerance to the lens. In a report dated August 6, 1980, Dr. Gormley did note that claimant was unable to wear the lens more than three to four hours a day. The carrier's consultant, Dr. Alfred Mamelok, also found no objective evidence to explain claimant's intolerance, and noted that headaches are not indicative of intolerance. He previously reported, however, that revision of the lens was necessary "to improve the tolerance of the [claimant]". ¶ Within the context of these established facts, this court has previously upheld similar awards for 100% loss of vision (*Matter of Clippard v Costello Concrete Co.,* 36 AD2d 786, affd 30 NY2d 628; *Matter of Franzese v Jellgren Constr. Co.,* 29 AD2d 1037, mot for lv to app den 22 NY2d 644; see *Matter of Harvey v Marsaw & Marsaw,* 58 AD2d 909, 910). Clearly, the Board was authorized to find claimant's assertions of pain credible and to assess the medical testimony presented. In our view, the subjective complaints of claimant, together with the course of treatment rendered by Dr. Gormley and recommended by Dr. Mamelok, provide substantial evidence to support the Board's decision. ¶ Decision affirmed, with costs to the Workers' Compensation Board. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.

* The employer concedes that in the event liability is upheld, it would be liable for a double award of compensation pursuant to the provisions of section 14-a of the Workers' Compensation Law (see, also, Labor Law, §§ 130, 131).