■ In the Matter of the Claim of HELEN GOODMAN, Respondent, v POLLIO DAIRY PRODUCTS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from a decision of the Workers' Compensation Board, filed March 8, 1988.

In 1979, claimant's husband, Ralph Goodman, was killed in the course of his employment with Pollio Dairy Products. Claimant, who was 58 years old, filed a claim with the Workers' Compensation Board. A hearing was held and, in April 1979, claimant was awarded death benefits. The employer and its workers' compensation insurance carrier objected to the decision of the Workers' Compensation Law Judge because it did not provide for Social Security survivors' benefits to be offset from the award of death benefits pursuant to Workers' Compensation Law § 16 (1-c). As a result of the objection by the employer and its carrier, the notice of decision was corrected to include the Workers' Compensation Law Judge's finding that claimant was not presently eligible for Social Security benefits.

In December 1982, when claimant was 62 years of age, she began receiving Social Security survivors' benefits. In 1984, claimant's workers' compensation case was reopened at the carrier's request to consider the effect of claimant's receipt of these benefits. Hearings were held and, after several reopenings to reconsider the issue, the Board ultimately determined that the carrier was not entitled to have the Social Security benefits offset from the original award. This appeal by the employer and carrier ensued.

Workers' Compensation Law § 16 (1-c) provides for an award of death benefits to the surviving spouse of a worker killed in the course of his employment. This subdivision further provides that "[w]here the death occurs on or after [January 1, 1978], and the spouse *is receiving* the survivors *[sic]* insurance benefits under the social security act, the death benefit payable under this section shall be reduced" (Workers' Compensation Law § 16 [1-c] [emphasis supplied]). Workers' Compensation Law § 16 (7) contains the following exception: "In computing the [offset] under [subdivision 1-c] * * * of this section any increase in survivors *[sic]* insurance benefits under social security that occurs after the date of death shall not be considered".

On appeal the employer and carrier contend that the Board erred in determining that they were not entitled to an offset based upon claimant's subsequent receipt of Social Security survivors' benefits. In response, the Board contends that an offset under Workers' Compensation Law § 16 (1-c) only applies where the claimant "is receiving" the Social Security benefits at the time of the original death benefit award and not where, as here, the claimant became eligible and began receiving Social Security benefits at a later point in time. The Board further contends that, inasmuch as its decision is based upon a rational and reasonable interpretation of the statute, it must be upheld *(see, Matter of Howard v Wyman,* 28 NY2d 434, 438).

In our view, the statutory language, as it applies in claimant's case, is somewhat ambiguous. In addition, there is case law interpreting the phrase "is receiving" to mean actual receipt of Social Security benefits by the claimant at the time of the workers' compensation award *(see, Matter of Washington v Vogue Metalcraft,* 91 AD2d 804).

The employer and carrier essentially contend that the death benefits awarded to claimant in 1979 should have been subject to a future Social Security survivors' benefits offset. However,

as the Board points out, where the Legislature intended that certain future events should, in every event, trigger a modification of a prior award of death benefits, it has expressed the intention explicitly (cf., Workers' Compensation Law § 16 [1-b], [1-c], [2], [2-a] [modification upon remarriage or death of surviving spouse, or dependent children attaining a specified age or being disabled]). Here, by contrast, the Legislature's failure to specify that future receipt of Social Security benefits result in an offset supports the Board's contention that the applicability of Workers' Compensation Law § 16 (1-c) is to be determined as of the date of the award of death benefits.

The employer and carrier also contend that the Board's interpretation of the statute is contrary to legislative intent on the ground that it creates two classes of beneficiaries; a group of older claimants who receive less money because they are subject to the offset, and a younger group of claimants, who were not yet eligible for Social Security at the time of their death benefit awards, and who are therefore exempt from the offset. The Board, however, justifies its interpretation of the statute on the basis of administrative convenience, economy and its interest in the finality of death benefit awards. Based upon the foregoing, we do not find that the Board's construction of the offset provision was irrational or unreasonable. Hence, there must be an affirmance.

Decision affirmed, without costs. Mahoney, P. J., Kane, Weiss, Levine and Harvey, JJ., concur.