■ In the Matter of the Claim of MARIE D. VOLCJAK, Respondent, v CHERRY LANE MOTORS, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. (Proceeding No. 1.) In the Matter of the Claim of CAMILLE COSTA, Respondent, v CHARLES F. NOYES et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. (Proceeding No. 2.)—Mahoney, P. J. Appeals from two decisions of the Workers' Compensation Board, filed November 3, 1989, which awarded claimants death benefits without allowance for an offset of Social Security survivors' benefits.

These two appeals arise from two separate decisions of the Workers' Compensation Board affirming determinations that refused to offset death benefits awarded to claimants, Marie D. Volcjak and Camille Costa, by the amount of survivors' benefits that each received as widows under the Social Security Act.

Ludvick Volcjak died on March 22, 1987. Dominick Costa died four days later. Claimants, as decedents' widows, filed for death benefits. After an initial determination of accident, notice and causal relationship, hearings were conducted in each case to determine whether Social Security survivors' benefits that claimants had become eligible for subsequent to the date of death of their respective spouses should offset any workers' compensation death benefits. In each case the Work-

ers' Compensation Law Judge concluded that there would be no offset.

The employers appealed to the Board for administrative review in both cases, arguing that, pursuant to Workers' Compensation Law § 16, the offset for Social Security survivors' benefits should be determined based upon eligibility for such benefits at the time of the workers' compensation death benefit award, not at the time of death. The Board affirmed the determinations in both cases, finding that the offset pursuant to Workers' Compensation Law § 16 (1-c) was applicable only if a claimant was receiving Social Security survivors' benefits on the date of death. The employers have appealed.

We reverse. Workers' Compensation Law § 16 (1-c) provides for an award of death benefits to the surviving spouse of a worker killed in the course of employment. This subdivision also provides that "[w]here the death occurs on or after [January 1, 1978], and the spouse is receiving the survivors *[sic]* insurance benefits under the social security act, the death benefit payable under this section shall be reduced". In *Matter of Goodman v Pollio Dairy Prods.* (147 AD2d 833, 834, *lv denied* 74 NY2d 606), we took the view that the offset was applicable where a claimant "is receiving" Social Security benefits at the time of the *death benefit award.* Thus, it is the time of the death benefit award, not the date of death, that is determinative of the issue of whether Social Security survivors' benefits should offset any workers' compensation death benefits *(see, supra).* Accordingly, the Board erroneously denied the offsets and its decisions must be reversed.

Decisions reversed, without costs, and matters remitted to the Workers' Compensation Board for further proceedings not inconsistent with this court's decision. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.