OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 In each case, the claimant was almost 60 years old when her husband died of injuries sustained in the course of employment. Upon turning 60, claimants became eligible for, and shortly thereafter began receiving, Social Security survivors’ benefits. When the workers’ compensation death benefit awards were rendered, claimants were receiving survivors’ benefits, and thus under the plain language of Workers’ Compensation Law § 16 (1-c), the Board should have applied the statutory offset.
 

 That section provides, in pertinent part:
 

 "Where the death occurs on or after January [1, 1978], and the spouse
 
 is receiving
 
 the survivors insurance benefits under the social security act, the death benefit payable under this section shall be reduced in accordance with the provisions of table No. 1 below”. (Emphasis added.)
 

 As former Presiding Justice Mahoney, writing for a unanimous Appellate Division, correctly held, the proper inquiry under this statute is whether, at the time of an award of death benefits, the spouse "is receiving” survivors’ benefits
 
 (see, Matter of Goodman v Pollio Dairy Prods.,
 
 147 AD2d 833, 835,
 
 lv denied
 
 74 NY2d 606 [applicability of offset "is to be determined as of the date of the award of death benefits”];
 
 Matter of Washington v Vogue Metalcraft,
 
 91 AD2d 804 [no offset where spouse is not actually receiving, although eligible for, survivors’ benefits]). If the spouse "is receiving” survivors’ benefits, the law unambiguously requires an offset.
 

 We reject the Board’s argument that the statute’s reference to date of death evinces a legislative intent that the claimant
 
 *964
 
 be eligible for and receiving survivors’ benefits as of that date for the offset to apply. The statutory reference to death occurring on or after January 1, 1978 simply reflects the date the legislation took effect.
 
 (See,
 
 L 1977, ch 675, §86 [1];
 
 see also,
 
 Minkowitz, Practice Commentaries, McKinney’s Cons Laws of NY, Book 64, 1992 Pocket Part, Workers’ Compensation Law § 16, at 63 ["The benefits of a surviving spouse * * * are subject to being reduced, after January 1, 1978, by a percentage of the spouse’s share of survivors insurance benefits”].)
 

 Nor is the reference to the "date of death” in Workers’ Compensation Law § 16 (7)
 
 *
 
 relevant here. That provision merely makes clear that in
 
 computing
 
 the offset, "any increase in benefits under the Social Security Act that occurs after the date of death shall not be considered” (4 Larson, Workmen’s Compensation Law § 97.35 [a], at 18-35). What is at issue in the present case is not how the offset is to be computed but whether it is available at all.
 

 Chief Judge Wachtler and Judges Kaye, Alexander, Ti-tone, Hancock Jr., and Bellacosa concur; Judge Simons taking no part.
 

 Order affirmed, with costs, in a memorandum.
 

 *
 

 Workers’ Compensation Law § 16 (7) provides:
 

 "In computing the offsets
 
 under subdivisions one-c and two-a of this section any increase in survivors insurance benefits under social security that occurs after the date of death shall not be considered, and any such offset shall be equally applicable to the survivors insurance benefits under the social security act which are received retroactively but such offset shall not apply to increases of such benefits received retroactively.” (Emphasis added.)