■ In the Matter of the Claim of JAMES I. PRATT, Respondent, v PRATT PLUMBING AND HEATING et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [598 NYS2d 577] — Appeal from a decision of the Workers' Compensation Board, filed March 25, 1992, which, *inter alia,* ruled that the employer was not entitled to reimbursement for wages paid claimant during the period of disability.

Claimant injured his right leg on December 13, 1988. At a January 4, 1990 hearing claimant was awarded temporary total disability benefits from December 14, 1988 to March 31, 1989. The employer applied for review contending that it should have been reimbursed for the wages it paid claimant during that time period. Admittedly, no request for such reimbursement had been made prior to the January 4, 1990 hearing. The Workers' Compensation Board rejected the request as untimely based on Workers' Compensation Law § 25 (4) (a) which requires that the request be "filed before award of compensation is made". Subsequently, another hearing was held at which it was determined that claimant had a 20% schedule loss of use of his right leg. The employer again requested reimbursement for the wages paid claimant during his December 1988 to March 1989 total disablement. On December 5, 1991 a schedule award was made for the period of March 31, 1989 to January 22, 1990. Although the employer was initially awarded reimbursement from that award, the Board rescinded that directive because the employer never requested reimbursement prior to the January 4, 1990 award. This appeal followed.

We affirm. The employer argues that its reimbursement requests were timely because, although they were not made prior to the January 4, 1990 hearing, they were made prior to the subsequent schedule award filed December 5, 1991. The Board, however, determined that by not making its requests prior to the first hearing, the employer failed to preserve the right to be credited with payments it made following a subsequent award for schedule loss. On the record before us, we cannot say that the Board's construction of Workers' Compensation Law § 25 (4) (a) was irrational or unreasonable *(see, Matter of Fortuna v Pfizer Inc.,* 91 AD2d 1083; *Matter of Washington v Vogue Metalcraft,* 91 AD2d 804). As the Board

points out, the initial award, as the source for reimbursement, should be the point for asserting a claim because it typically provides temporary total disability benefits for the same period for which the employer advanced wages. This is in fact what occurred in this case. Thus, the January 4, 1990 hearing was the employer's deadline for claiming reimbursement for the wages it advanced during the same period of total disablement. The fact that a later schedule award was made should not change this result. To the extent that *Matter of White v Barrett* (5 AD2d 909) could be read as reaching a contrary conclusion, we note that the applicable language was dictum. The employer's remaining contentions have been considered and rejected as unpersuasive.

Weiss, P. J., Mikoll, Yesawich Jr., Levine and Mercure, JJ., concur. Ordered that the decision is affirmed, without costs.