■ In the Matter of the Claim of THERESA DI GREGORIO, Appellant, v COCA COLA BOTTLING COMPANY et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [824 NYS2d 794]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed August 17, 2005, which ruled, inter alia, that a portion of claimant's workers' compensation benefits were subject to an offset.

As a result of her husband's work-related death in 1997, a Workers' Compensation Law Judge (hereinafter WCLJ), in a decision filed on February 26, 2003, awarded claimant continuing weekly benefits, as well as weekly benefits for the time period between December 12, 1997 and February 15, 2003, in the amount of $98.78. Because claimant was admittedly receiving Social Security survivor benefits on the date of the WCLJ's decision, that weekly dollar amount reflected a $138.69 offset pursuant to Workers' Compensation Law § 16 (1-c). That statute states, in pertinent part, "[w]here the death occurs on or after January [1, 1978], and the spouse is receiving the survivors [*sic*] insurance benefits under the social security act, the death benefit payable under this section shall be reduced" (Workers' Compensation Law § 16 [1-c]). Notably, in determining the applicability of an offset, the Court of Appeals has established that "the proper inquiry under [such] statute is whether, at the time of an award of [workers' compensation] death benefits, the spouse 'is receiving' survivors' benefits" (*Matter of Volcjak v Cherry Lane Motors*, 79 NY2d 962, 963 [1992]). In other words, if claimant had not been receiving Social Security survivor benefits on February 26, 2003, her award would likely not have been offset and she would have received $237.47 on a weekly basis, with back payments in that amount as of December 12, 1997 (*see generally Matter of Goodman v Pollio Dairy Prods.*, 147 AD2d 833, 834-835 [1989], *lv denied* 74 NY2d 606 [1989]; *Matter of Washington v Vogue Metalcraft*, 91 AD2d 804, 804 [1982]).

The instant controversy involves claimant's subsequent appraisal, by the Social Security Administration on August 22, 2003, that she would stop receiving survivor benefits, retroactive to January 2003, because she had become eligible, as of that time, to receive her own monthly retirement benefits. Inasmuch as such a change to her beneficiary status would possibly have resulted in an award to her of the full $237.47 weekly amount, had all pertinent parties been aware of it on the date of her February 2003 hearing, claimant sought modification of the original award. In a decision filed on March 18, 2005, a WCLJ agreed with claimant's contention and modified her award to reflect a rate of $237.47 per week for the time period between December 12, 1997 and March 8, 2005. Upon an application by the employer for review of that determination, however, the Workers' Compensation Board overturned the decision of the WCLJ, concluding that claimant "was, in fact, receiving social security survivor's benefits at the time the awards were made[, hence] under the plain language of [Workers' Compensation Law § ] 16 (1-c), the statutory award was

properly applied to the awards in the February 26, 2003 decision." In furtherance of that determination, which included the observation that the February 26, 2003 decision did not make an award to claimant on a tentative basis, the Board ruled that claimant's weekly awards from December 12, 1997 until August 22, 2003 were subject to the offset, but that an offset did not apply to weekly awards made to claimant after August 22, 2003.

On this appeal, claimant asserts two arguments in support of her contention that the Board erroneously applied an offset to any part of her workers' compensation award. She initially maintains that the February 26, 2003 WCLJ determination was a temporary award and, thus, because she was not receiving Social Security survivor benefits on the date of the actual final award on March 18, 2005, Workers' Compensation Law § 16 (1-c) is not applicable to her claim. In the alternative, she argues that the Board's determination is unreasonable because it fails to further the Legislature's intent in enacting Workers' Compensation Law § 16 (1-c), which, according to both parties here, was to prevent unjust double recoveries. Ironically, but perhaps predictably, the employer contends that a reversal by this Court would result in claimant's receipt of both a full workers' compensation award and a full Social Security survivor benefit award, while claimant asserts that an affirmance of the Board's decision would result in an undeserved economic windfall for the employer and its workers' compensation carrier because, for at least six years, they were responsible for a weekly payment to claimant of $98.78 as opposed to $237.47.

We observe that the Board's determination regarding the finality of the award to claimant on February 26, 2003 is supported by substantial evidence and, thus, we decline to disturb the determination on that ground (see Matter of Cagle v Judge Motor Corp., 31 AD3d 1016, 1017 [2006]). However, a review of the record reveals that claimant's status as a recipient of Social Security survivor benefits was terminated, in practical effect, as of payments made to her that began in January 2003. Thus, no offset should apply to workers' compensation benefits made to her after that date. Inasmuch as the record likewise reveals that claimant received Social Security survivor benefits between the dates of December 1997 and January 2003, we further conclude that an extinguishment of the offset to awards made during that time frame would result in her unjust recovery. Furthermore, although the above rationale would seemingly deviate from the "is receiving" rule established by the Court of Appeals, we note that at the time the offset was determined not to apply in Matter of Goodman v Pollio Dairy Prods. (supra)

and *Matter of Washington v Vogue Metalcraft (supra)*, the claimants had not yet become eligible for Social Security survivor benefits, whereas claimant here was undeniably, for a number of years prior to the date of her workers' compensation award, receiving such benefits.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is modified, without costs, by reversing so much thereof as assigned an offset to claimant's awards after January 2003; matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision; and as so modified, affirmed.