■ In the Matter of the Claim of JEFFREY GROTH, Appellant, v DAIMLER CHRYSLER CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [839 NYS2d 266]—

Kane, J. Appeal from a decision of the Workers' Compensation Board, filed June 1, 2006, which ruled that the employer is entitled to reimbursement for certain benefits paid to claimant.

Claimant suffered a work-related injury in April 2002. Pursuant to a union contract, the employer continued paying claimant his wages, a portion of which would equal workers' compensa-

tion benefits and the remainder "top off" benefits from its sickness and accident (hereinafter S & A) benefits plan. Following a hearing, in January 2003 a Workers' Compensation Law Judge (hereinafter WCLJ) awarded claimant temporary partial disability and temporary total disability payments for periods between April 2002 and December 2002. Shortly before a permanency hearing held in February 2004, the employer filed a request for reimbursement for wage replacement benefits and S & A benefits for the period between April 2002 and December 2002, along with a copy of the S & A benefit plan terms. After the hearing, the WCLJ awarded claimant a 20% schedule loss of use of his left arm and set the amount of the award, but subsequently denied the employer's request for reimbursement for S & A benefits. The Workers' Compensation Board modified the WCLJ's decision, finding that the employer was entitled to reimbursement for S & A benefits paid to claimant. Claimant appeals.

If an employer offers an employee benefit plan that limits the amount of benefits for employees entitled to workers' compensation benefits, and the employer advances any payments to an injured employee pursuant to that plan during any period in which the employee's right to workers' compensation benefits was not determined, the employer "shall be entitled to be reimbursed out of the unpaid instalment or instalments of compensation due, provided claim therefor is filed together with proof of the terms of said plan . . . with the board before award of compensation is made" (Workers' Compensation Law § 25 [4] [c]). The employer here filed its claim for reimbursement and a copy of the plan's terms before the schedule award was made in February 2004, but after the initial awards were made in January 2003. This Court previously affirmed a Board determination, under a different subsection of the same statute which employs identical language, that for an employer's request for reimbursement to be timely, the request must be made prior to the hearing which results in the initial award (*see Matter of Pratt v Pratt Plumbing & Heating*, 193 AD2d 1048 [1993] [interpreting Workers' Compensation Law § 25 (4) (a)]). "[T]he initial award, as the source for reimbursement, should be the point for asserting a claim because it typically provides temporary total disability benefits for the same period for which the employer advanced [wage-replacement benefits]. . . . The fact that a later schedule award was made should not change this result" (*id.* at 1049; *see Matter of Karl v New Venture Gear*, 41 AD3d 1024 [2007] [decided herewith]). The Board's conflicting and incompatible interpretations of the same language in two separate subdivisions of a single statute was arbitrary and can-

not be upheld. Under the previously established interpretation of the language requiring a claim for reimbursement to be filed with the Board "before award of compensation is made," the employer here did not timely file its request and, therefore, was not entitled to reimbursement of the "top off" benefits it paid to claimant.

Crew III, J.P., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.