In the Matter of the Claim of BETTY KARL, Appellant, v NEW VENTURE GEAR et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [839 NYS2d 268]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed June 1, 2006, which ruled that the employer was entitled to reimbursement for certain benefits paid to claimant.

Claimant, an administrative assistant, filed a workers' compensation claim in September 2003 after experiencing bilateral hand and wrist tingling and numbness due to her typing duties at work. The self-insured employer did not dispute the claim and notified the Workers' Compensation Board in September 2003 that payment of workers' compensation benefits in the amount of $400 a week had begun. In addition, the employer agreed to pay claimant another $254 per week pursuant to a sickness and accident benefit plan. In November 2003, claimant's case for a work-related occupational disease of bilateral carpal tunnel syndrome was established and, in February 2004, claimant was awarded workers' compensation benefits at the rate of $400 per week for the period of August 19, 2003 until her return to work on November 18, 2003.

Claimant subsequently alleged a 10% schedule loss of use of both of her hands and a conciliation meeting was scheduled for April 25, 2005 to address the issue of permanency. In a document dated April 19, 2005 and received by the Workers' Compensation Board on April 22, 2005, the employer made a request for reimbursement of $3,302, representing the total amount of the sickness and accident benefits paid. Thereafter, claimant was granted a 10% schedule loss of use of each hand. The issue of reimbursement, however, was held in abeyance. Following a hearing and submission of written memoranda on

the matter, the Board held that, pursuant to Workers' Compensation Law § 25 (4) (c), the employer was entitled to reimbursement for the sickness and accident benefits in question. Claimant appeals, contending that the employer's request for reimbursement was untimely inasmuch as it was not made prior to the workers' compensation award in connection with her temporary total disability period. The employer maintains that the reimbursement request was timely as it was submitted prior to the schedule loss of use award being made.

We agree with claimant. Workers' Compensation Law § 25 (4) (c) states, in pertinent part, that reimbursement is appropriate where the "claim therefor is filed together with proof of the terms of [the benefit] plan . . . before award of compensation is made." The plain language of the statute does not specify the type of compensation award being made. Here, prior to the schedule loss of use award, an award entitling claimant to compensation from August 19, 2003 through November 18, 2003 in connection with her temporary total disability was made. Inasmuch as the reimbursement request was made subsequent thereto, that request was untimely (*see Matter of Groth v Daimler Chrysler Corp.*, 41 AD3d 1021 [2007] [decided herewith]; *Matter of Pratt v Pratt Plumbing & Heating*, 193 AD2d 1048 [1993]; *Matter of Wrubel v Surprise Press*, 277 App Div 192 [1950]; *Matter of Poveromo v Taylor*, 275 App Div 518 [1949], *affd* 301 NY 513 [1950]). Given this conclusion, we need not address claimant's remaining contention that the plain language of the benefit plan at issue precluded the employer from seeking reimbursement.

Mercure, Crew III, Peters and Carpinello, JJ., concur. Ordered that the decision is reversed, without costs, and matter remitted to the Workers' Compensation Board for further proceedings not inconsistent with this Court's decision.