*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  November 20, 2014          518594
_____

In the Matter of the Claim of
    MERLINE DOBNEY,
                        Respondent,

        v
                                        MEMORANDUM AND ORDER
EASTMAN KODAK COMPANY et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   October 7, 2014

Before:  Lahtinen, J.P., Stein, McCarthy, Rose and Clark, JJ.

                    _____

        Hamberger & Weiss, Rochester (Stephen P. Wyder of counsel),
for appellants.

        Bronk & Sommers, PC, Rochester (Daniel A. Bronk of
counsel), for Merline Dobney, respondent.

        Eric T. Schneiderman, Attorney General, New York City
(Marjorie S. Leff of counsel), for Workers' Compensation Board,
respondent.

                    _____

McCarthy, J.

        Appeal from an amended decision of the Workers'
Compensation Board, filed September 16, 2013, which, upon
reconsideration, ruled that the employer and its third-party
administrator were not entitled to reimbursement for certain
benefits paid to claimant.

Claimant injured her right knee in the course of her employment and was awarded workers' compensation benefits for lost time from work in 2006, 2009 and early 2010. The benefits — totaling approximately $11,500 — were payable as reimbursement to the self-insured employer, which had paid claimant $17,400 in wages while she was absent from work. The wages were paid pursuant to the employer's workers' compensation supplement plan, which provided that employees who suffered a workers' compensation injury would receive the difference between their workers' compensation benefits and the amount of pay that they would have received under a separate short-term disability plan — 100% of their salary initially, and 70% after a certain period of time. That is, injured employees were to receive either 100% or 70% of their salary through a combination of traditional workers' compensation benefits and benefits under the supplement plan.

In June 2010, the employer and its third-party administrator (hereinafter collectively referred to as the employer) again requested reimbursement in connection with additional benefits paid, and claimant asserted that the employer was entitled only to reimbursement of benefits paid as workers' compensation benefits, as opposed to that paid as supplement to those benefits. The employer sought reimbursement for all benefits paid pursuant to its supplemental benefit plan, up to the statutory maximum compensation rate. At a hearing, the employer admitted that it had not submitted a copy of its benefit plan prior to the first award of workers' compensation benefits to claimant. Thereafter, a Workers' Compensation Law Judge awarded claimant a 55% schedule loss of use of her right leg, equal to 158.4 weeks of compensation at $400 per week, and determined that the employer was not entitled to reimbursement out of that award for wages paid in excess of workers' compensation benefits. The Workers' Compensation Board ultimately affirmed, prompting this appeal.

We affirm. The employer argues that the Board erred in applying Workers' Compensation Law § 25 (4) (c), rather than subdivision (4) (a) of that section, in resolving its reimbursement request. Section 25 (4) (c) requires that employers seeking reimbursement for benefits paid to an injured employee pursuant to an employee benefit "plan . . . [that]

provide[s] that the injured employee . . . shall be limited in the amount of benefits or payments thereunder if he or she shall be entitled to [workers' compensation] benefits under this chapter" must file "proof of the terms of [the employee benefit] plan . . . before award of compensation is made" (Workers' Compensation Law § 25 [4] [c]; see Matter of Karl v New Venture Gear, 41 AD3d 1024, 1025 [2007], lv dismissed 9 NY3d 1000 [2007]). This Court has held that an employer's right to "seek credits against schedule awards for moneys paid pursuant to an employee benefit plan . . . stems from Workers' Compensation Law § 25 (4) (c) and is limited by the restrictions in that provision" (Matter of Staruch v New York Tel. Co., 277 AD2d 830, 833 [2000], lv dismissed and denied 96 NY2d 852 [2001]). We concluded that subdivision (4) (a), which imposes no requirement to file the terms of a plan and, indeed, "makes no reference to proof of plan terms[,] . . . was not intended to address moneys paid from an employee benefit plan" (id.).

Here, as the Board explained, the employer's workers' compensation supplement plan limited the amount of benefits that an employee with a work-related injury would receive as compared to an employee entitled to benefits under the employer's short-term disability plan – essentially deducting workers' compensation benefits from the amount paid in salary under the short-term disability plan. Even considering the workers' compensation supplement plan alone, we conclude that the injured employee is limited in the amount of benefits paid "thereunder" – meaning from the plan itself – if he or she is awarded workers' compensation benefits (Workers' Compensation Law § 25 [4] [c]). While the employee initially receives his or her full salary from the supplement plan, if the employer is reimbursed out of a workers' compensation award, then the employee has received less in (or is "limited in the amount of") benefits from the supplement plan itself due to his or her entitlement to those workers' compensation benefits. Thus, Workers' Compensation Law § 25 (4) (c) is applicable and, inasmuch as the employer admittedly failed to file proof of the terms of the plan prior to the first award of benefits, the Board properly determined that the employer's right to compensation was limited to the amount paid to claimant as workers' compensation benefits (see Matter of Karl v New Venture Gear, 41 AD3d at 1025; Matter of Staruch v New

York Tel. Co., 277 AD2d at 833; see also Matter of Groth v
Daimler Chrysler Corp., 41 AD3d 1021, 1022-1023 [2007], lv
dismissed and denied 9 NY3d 1000 [2007]).

Lahtinen, J.P., Stein, Rose and Clark, JJ., concur.


ORDERED that the amended decision is affirmed, with costs
to claimant.




ENTER:

Robert D. Mayberger
Clerk of the Court